Vinnacombe et ux. *v.* Philadelphia and (American Stores Co. et al., Appellants).

Argued October 1, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Louis Wagner,* with him *Richard A. Smith,* for appellant, American Stores Company.—The primary duty of maintaining sidewalks in a safe condition is on the owner: McLaughlin v. Kelly, 230 Pa. 251; Levick v. Patterson Co., 65 Pa. Superior Ct. 261; Brown v. White, 202 Pa. 297.

A person may not be made a party defendant in a proceeding after limitation has run: Wright v. Cooper Co., 206 Pa. 274; Cleary v. Cab Co., 285 Pa. 241.

It is submitted that the Act of 1929, from its language, is available only to a defendant sued who confesses a liability, or who is willing to confess a liability and aver that there is another liable with him.

An act that is practically ineffective will be so declared by the court: Miller v. Rubber Co., 268 Pa. 51; Oxford Street, 79 Pa. Superior Ct. 106.

Special legislation, under the attempted guise of a general law, will not be allowed: Com. v. Patton, 88 Pa. 258; Scowden's App., 96 Pa. 422; Scranton S. Dist. App., 113 Pa. 176; Betz v. Phila., 19 Phila. 452; Laplacca v. Transit Co., 68 Pa. Superior Ct. 208.

The city defendant and the American Stores Company are not joint tort-feasors: Dutton v. Boro., 198 Pa. 563; Sabarof v. R. R., 92 Pa. Superior Ct. 286; Phila. v. Reading Co., 295 Pa. 183.

*Robert P. F. Maxwell,* with him *George F. Blewett,* for appellants, Joseph Langman et ux.—Revival by statute of a right of action already barred by limitation is an extreme exercise of legislative power which will not be deduced from words of doubtful meaning: Miller v. Coal Co., 77 Pa. Superior Ct. 51; Bedford v. Shilling, 4 S. & R. 401; Kuca v. Coal Co., 268 Pa. 163; Cleary v. Cab Co., 285 Pa. 241; Cairns v. Spencer, 87 Pa. Superior Ct. 126.

The cause of action is not within the provisions of the act: Dutton v. Lansdowne, 198 Pa. 563; Brookville Boro. v. Arthurs, 130 Pa. 501; Reading v. Reiner, 167 Pa. 41; Phila. v. Bergdoll, 252 Pa. 545; Bradford v. Barry, 254 Pa. 303; Phila. v. Reading Co., 195 Pa. 183; MOSCHZISKER's Legal Essays.

The legislature designated the procedure to be by writ of scire facias; this is a legal term of definite meaning and should be so construed.

*Israel K. Levy,* with him *G. Coe Farrier* and *Ernest Lowengrund,* Assistant City Solicitors, and *Augustus*

*Trask Ashton,* City Solicitor, for City of Philadelphia, appellee.—The Act of 1929, is a remedial statute passed to expedite and simplify procedure, and should be construed so far as reasonably may be, to accomplish these purposes.

The additional defendants became privies to the action of trespass before the statute of limitations operated as a bar to the recovery of damages: Orth v. Gas Co., 280 Pa. 118; Brobston v. Boro., 290 Pa. 331; O'Connor v. O'Connor, 291 Pa. 175; Hanley v. Ryan, 87 Pa. Superior Ct. 6; Fowler v. Boro., 17 Pa. Superior Ct. 366; Phila. v. Reading Co., 295 Pa. 183; Ashley v. Coal Co., 232 Pa. 425.

The Act of April 10, 1929, is retroactive and applies to all pending cases.

A privy to the record, or one who is prejudiced by a judgment, can file an appeal, either in the name of the original party, or on intervening and being substituted as a party: Cadmus v. Jackson, 52 Pa. 295, 302; Fowler v. Boro., 17 Pa. Superior Ct. 366, 371; Kuca v. Coal Co., 268 Pa. 163; Cleary v. Cab Co., 285 Pa. 241; Phila. v. Reading Co., 295 Pa. 183.

The Act of 1929 is valid and enforceable: Brobston v. Boro., 290 Pa. 331; Phila. v. Reading Co., 295 Pa. 183; Kuca v. Coal Co., 268 Pa. 163.

The action of trespass is within the provision of the act.

The act is definite and certain and capable of enforcement: Equipment Corp. of Am. v. Primos V. Co., 285 Pa. 432; Com. v. Benn, 284 Pa. 421.

The suggestion of the original defendant is sufficiently specific upon which to sue out a writ of scire facias: Com. v. Graham, 64 Pa. 339; Com. v. Bank, 28 Pa. 383.

The act is constitutional: Cleary v. Cab Co., 285 Pa. 241; Kuca v. Coal Co., 268 Pa. 163; Myers v. Lohr, 72 Pa. Superior Ct. 472.

OPINION BY MR. JUSTICE SIMPSON, November 25, 1929:

Alleging that she had been injured by reason of a defect in a footway pavement in the City of Philadelphia, plaintiff and her husband sued the city to recover damages for the injury she had sustained. Claiming that the Act of April 10, 1929, P. L. 479, gave it the right to bring upon the record, as additional defendants, those who would be liable over to it if a recovery was had against it in that suit, the city filed two affidavits therein, one alleging that the owners of the property had failed to keep the pavement in repair, and hence were thus liable over; and the other alleging like facts and liability regarding the tenant in possession; and caused two writs of scire facias to be issued therein, one against each party. Each was duly served and entered an appearance. The court below refused to quash the writs of scire facias or to dismiss the proceedings as to either defendant, whereupon each prosecuted one of the present appeals.

The Act of 1929 is as follows:

"An Act to regulate procedure where a defendant desires to have joined as additional defendants persons whom he alleges are liable over to him, or jointly or severally liable with him, for the cause of action declared on.

"Section 1. Be it enacted, &c., That any defendant, named in any action, may sue out, as of course, a writ of scire facias to bring upon the record as an additional defendant any other person alleged to be liable over to him for the cause of action declared on, or jointly or severally liable therefore with him, with the same force and effect as if such other had been originally sued, and such suit shall continue, both before and after judgment, according to equitable principles, although at common law, or under existing statutes, the plaintiff could not properly have joined all such parties as defendants."

As an owner, or tenant in possession, is primarily required to keep in repair the footway pavement in front

of the property owned or occupied by him, one or the other of these appellants may be liable over to the city for any recovery which may be had against it in the present suit: Phila. v. Reading Co., 295 Pa. 183; Phila. v. Merchant & Evans Co., 296 Pa. 126. Hence, the question for us to decide is whether or not the statute is constitutional and applicable. In construing it, two things are plainly apparent: (1) The act is a remedial one. Its purpose is to avoid a multiplicity of suits; to compel every interested person to appear and defend the action by plaintiff; and to save the original defendant from possible harm resulting from loss of evidence, as might result if compelled to await the end of the suit before proceeding against those who were primarily liable in whole or in part. Hence, the statute is to be liberally construed to advance the legislative purpose: Fulton Farmers Assn. v. Bomberger, 262 Pa. 43, 47; Duggan v. Duggan, 291 Pa. 556. (2) Nothing in the act shows the slightest intention to affect plaintiffs in such suits. Consequently, the adding of additional defendants will give no higher right to plaintiffs than they had before. As to them the action proceeds against the original defendant only, exactly as it would have done if the additional defendants had not been named, except that the court below, in the exercise of a sound discretion, should give to the original defendant, who acts promptly, a reasonable extra time to bring the additional defendants upon the record, before being required to file an affidavit of defense or plea. It follows, that no question can arise as to an implied repeal of the statute of limitations as between the additional defendants and plaintiff.

The only other objections which require consideration, are those which allege that the statute does not apply to actions of trespass, that it is prospective only, and that it violates article III, section 3, and article III, section 7, of the state Constitution. The statute says it applies to "any action," and this of course includes ac-

tions of trespass. That it also says the "suit shall continue, both before and after judgment, according to equitable principles," is no more than to say that it is to proceed according to the long settled principles of Pennsylvania Jurisprudence (Laussatt on "Equity in Pennsylvania," 1st Annual Report of Penna. Bar Association, page 221; Lawrence Lewis, Jr., on "The Courts of Pennsylvania in the 17th Century, Ibid., page 353; "Pennsylvania Jurisprudence," by Hon. John W. Simonton, Ibid., page 3; Waln v. Smith, 1 Phila. 362, per Hare, J.), the legislature evidently deeming it wise to so state, because plaintiff had no legal right to join "all such parties as defendants." Nor is the statute prospective only. It is procedural in its nature; hence "it is applied, as of course, to litigation existing at the time of its passage": Kille v. Reading Iron Works, 134 Pa. 225, 227; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 166. Nor is there anything in the alleged constitutional objections, since even a casual glance will show that the statute contains but "one subject, which [is] clearly expressed in its title," and that it is not a "local or special law......regulating the practice......in any judicial proceeding," but,. on the contrary, is a general one regulating every such proceeding where the liability referred to in it may appear. It might just as well be said that a procedural act is special which applies to every action of assumpsit, because it does not apply also to actions of trespass. What has been said disposes of the appeals and requires an affirmance of the judgments; but it may not be inappropriate to outline the procedure under the statute, where, as here, no rule of court governs it.

The act does not require that the manner in which the liability over to defendant arises, shall be set forth in the preliminary proceedings, leading up to the issuance of the scire facias, any more than this is required in the institution of an ordinary suit. It simply specifies that the original defendant shall allege that the additional defendants, sought to be added, are so liable. It will be

sufficient, therefore, if the original defendant files a præcipe for the writ in substantially the following form:

"(Caption of case.)

"To the Prothonotary of said Court:

"Issue a writ of scire facias in accordance with the provisions of the Act of April 10, 1929, P. L. 479, to bring upon the record, as additional defendant [1] ......
.................., whom defendant alleges is liable over to him [or jointly or severally liable with him, as the case may be] for the cause of action declared on in this case, to the extent of the whole [or a stated part, as the case may be] of the amount which may be recovered therein against him, for the reason that [here briefly state the reason why defendant claims that the additional defendant is thus liable [2]]. Returnable sec. reg.

"........................

"Attorney for Defendant."

---

[1] Throughout the præcipe and the writ of scire facias based on it, the plaintiff, defendant and additional defendant are stated as if each was but one person of the masculine gender, if there are more than one of either class all should be inserted in the appropriate place or places, and the gender should be changed and the plural form used wherever necessary.

[2] The following will serve as illustrations of that which is required to be here inserted: (1) in the instant case it might be: "said additional defendant, is owner ·of the property No. 5934 Market Street, in the City of Philadelphia, and hence is primarily responsible for the defect in the footway pavement in front of said premises, which plaintiff alleges caused the injury for which that suit is brought." Or (2) "the alleged improper construction, which it is charged in said suit resulted in plaintiff's loss, consisted of bad and imperfect plastering for which said additional defendant is responsible under his contract with defendant, dated January 1, 1929." Or (3) "said additional defendant is a prior endorser to defendant upon the promissory note for which said suit is brought." Or (4) "said additional defendant is jointly or severally liable with defendant on the bond for which said suit is brought." These are, of course, but illustrations, the præcipe, at this point, must set forth the actual facts upon which defendant bases his claim regarding the liability of the additional defendant or defendants to him.

572

Upon this præcipe a writ may be issued in substantially the following form, this court having power, under section 3 of the Act of June 16, 1836, P. L. 784, 786, to devise and establish it:

"The Commonwealth of Pennsylvania,

"To the Sheriff of the County of

..........................................., Greeting:

"Whereas, in a case pending in our Court of Common Pleas of said County of ..............................,

as of .................... Term, No. ...............,

wherein ............................... is plaintiff

and ................................. is defendant, the said plaintiff has brought suit to recover a judgment against said defendant for the cause of action set forth in the statement of claim therein, as by reference to said statement, attached to the copies of this writ, will fully and at large appear.

And whereas the defendant in said suit alleges that

..........................................is liable over to said defendant [or is jointly or severally liable with said defendant] for the cause of action declared on in said suit, for the whole [or a stated part] of any amount which may be recovered therein against said defendant, by reason of the fact that [here briefly set forth the reason alleged, substantially as set forth in the præcipe], and hence should be brought upon the record as additional defendant as provided by our Act of April 10, 1929, P. L. 479.

"Now, therefore, we command you that you make known to said ...................................

by service upon him of a copy of this writ and said statement of claim that he is required, within fifteen days after the receipt of such copies, to enter a written appearance, in person or by counsel, in the office of the prothonotary of our said Court at ...................

and is also required, within said fifteen days, to file in said office an answer, under oath, admitting, or fully and specifically denying, with the reasons therefor, his liability over to said defendant [or his joint or several

liability with said defendant] for the whole [or a stated part] of any recovery which may be had against said defendant in said suit. And have you then and there this writ.

"Witness the Honorable ........................
President Judge of our said Court, this ..............
day of .............. A. D. 19....

"...................... .
"Prothonotary."

The issues raised by the scire facias and the proceedings following it, are between the two classes of defendants only, and are, in form and effect, in' assumpsit (Phila. v. Reading Co., 295 Pa. 183), whether the original proceedings are in assumpsit or trespass. Hence, if the additional defendants are served and do not appear, or do not file an affidavit of defense, the original defendant may enter a judgment against them for want of an appearance or an affidavit of defense, as the fact may be, after which the case will proceed to trial as between plaintiff and the original defendant. If the additional defendants appear and file an affidavit of defense, any clearly defined issues of fact which are raised thereby, or by any amendments thereof, should be tried at the same time as the issues between the original parties are tried; but if no such issues of fact are raised, judgment may be entered for want of a sufficient affidavit of defense, or, if the two classes of defendants agree on the facts, the court may enter the appropriate judgment as between them, in either event, without awaiting the result of the trial as between the original parties.

If, at the trial, the jury's verdict is in favor of the original defendant, they need go no further; but if they find in favor of plaintiff, they should also specify in their verdict (if there are issues then pending between the original and additional defendants), whether or not the latter, or any of them, are liable over to the original defendant, or jointly or severally liable with him, for the amount awarded to plaintiff, and the extent of such

liability, and the cause should thereafter proceed to final judgment as in other actions; the court having the right, however, to grant a new trial to, or to enter judgment non obstante veredicto in favor of, any one of the parties, without disturbing the other verdict in the case. Whenever the final judgment is in favor of the original defendant, the judgment against the additional defendants, if one has been entered, should be stricken off on motion; but if it is adverse to both the original and the additional defendants, plaintiff, upon receiving satisfaction from the original defendant, should mark the suit to the use of the latter, and the additional defendants will be liable to and execution may issue against them at his instance, for the proportion of the recovery adjudged to be payable by them, without any further proceedings being required to establish such liability.

In the instant case, defendant did not proceed exactly in the way hereinbefore provided, but since the additional defendants were duly served with the several writs of scire facias and have appeared to the action, by leave of court the writs may be amended and the additional defendants required to file affidavits of defense thereto, after which the case will proceed exactly as it would have done had the preliminary proceedings been conducted in the manner above set forth.

The orders of the court below are affirmed.

CONCURRING OPINION BY MR. JUSTICE FRAZER:

In this case, an action in trespass, I agree that the lower court should be affirmed. I am, however, not in accord with the majority opinion in holding this court is vested with authority under the provisions of the Act of June 16, 1836, P. L. 786, to prescribe, for the several courts of common pleas, rules and forms of writs for carrying into effect legislation generally and especially the Act of April 10, 1929, P. L. 479. I think section 3 of the Act of 1836 relied upon in the majority opinion is inapplicable to the present case and confers no such au-

thority upon this court, especially in view of section 21 of that act which gives to courts of common pleas "full power and authority to establish such rules for regulating the practice thereof respectively, and for expediting the determination of suits, causes and proceedings therein, as in their discretion they shall judge necessary and proper." Subsequent legislation preserves to courts of common pleas power to prescribe rules for practice and procedure, as indicated in the following late acts of assembly. The Act of May 14, 1915, P. L. 483, is entitled "an act relating to practice in the courts of common pleas in actions of assumpsit and trespass, except actions for libel and slander; prescribing the pleadings and procedure to be observed therein, and giving courts power to enforce its provisions." That act, by its terms a "Practice Act," is certainly sufficiently definite to cover this case and also in express terms repeals inconsistent legislation; further, the Act of May 24, 1878, P. L. 135, provides that courts of common pleas "shall have full power to make all necessary rules and regulations for the transaction of all business brought before them."

In view of the above legislation and the power vested in the common pleas, I would confine the opinion in this case to an affirmance of the court below, and eliminate all reference to the form of the sci. fa. and proceedings to be had under the Act of 1929, leaving the practice and procedure in cases of this character to the courts of common pleas where they properly belong. If the third section of the Act of 1836 ever did apply to questions similar to those now before us, which in my opinion is extremely doubtful, it has been superseded by more recent legislation.