## Forgang v. Philadelphia et al.

*J. Singer*, for plaintiff.

*Augustus Trask Ashton*, City Solicitor, and *Israel K. Levy*, Assistant City Solicitor, for defendant; *Albert Smith Faught*, for additional defendant.

KUN, J., March 31, 1930.—The suit in the above case was filed against the original defendant, City of Philadelphia, on March 24, 1927. During its pendency, the Act of April 10, 1929, P. L. 479, was passed. The constitutionality of the act was promptly challenged and was sustained on Nov. 25, 1929, in the case of Vinnacombe *v.* Philadelphia, 297 Pa. 564. The large number of cases which appeared on the trial list in the month or two following this decision in which the original defendants desired to bring in additional defendants under the act were continued to give them an opportunity to do so. The City of Philadelphia is defendant in perhaps thousands of such suits in which the possible liability over of others had to be investigated and considered.

The City in the instant case caused a *scire facias* to be issued under the act on Feb. 17, 1930, bringing in the additional defendant, Magdalena Seiberlich. We cannot say under all the facts and circumstances that the original defendant failed to act promptly in bringing the additional defendant into the case.

A more important point is raised by the additional defendant in her contention that, in connection with the writ of *scire facias* against her, no sworn statement of the original defendant's claim over against her was filed, and to require her to file an answer under oath, as the writ does, the court would, it is contended, for the first time in its history, "countenance the extraordinary system of justice of requiring a defendant to purge himself by affidavit of misconduct which no one by any sworn statement whatever has charged against him."

If by the *scire facias* proceedings in these cases merely an additional defendant were added, chargeable with the basic cause of action in the case, it might be said that the sworn statement of claim filed as to the original defendant applied with equal force to the additional defendant. However, it was clearly pointed out in the Vinnacombe case that under the act "the issues raised by the *scire facias* and the proceedings following it are between the two classes of defendants only and are in form and effect in *assumpsit*, whether the original proceedings are in *assumpsit* or in trespass."

In a word, the proceeding is simply an action over by the original defendant against the additional defendant, which, under the act seeking to avoid a multiplicity of suits, may be made a part of the original suit, but the appendage is a matter between the original defendant and the additional defendant in which the plaintiff is in no wise concerned. It would seem, therefore, that there is some point in the additional defendant's contention that if there is

some claim over against her by the original defendant to which she can be required to file an answer under oath, the claim against her ought to be made under oath.

Since, however, the Supreme Court in the Vinnacombe case for the guidance of litigants and trial courts presumably set forth all the procedural requirements under the act and omitted any reference to any supposed necessity on the part of the original defendant to file with the præcipe for *scire facias* any sworn statement of his claim over against the additional defendant, and provided merely that with the copy of the writ a copy of the original statement of claim should be served on the additional defendant, we are constrained to read the opinion as excluding the necessity of filing any such affidavit by the original defendant.

The questions of law raised in the affidavit of defense of the additional defendant are, therefore, resolved in favor of the original defendant, the City of Philadelphia.