## Gormley v. Berger.

*Reilly & Pearce,* for rule; *E. L. Van Roden,* contra.

FRONEFIELD, P. J., June 24, 1930.—In the above entitled case, the plaintiff brought suit against the defendant to recover compensation for injuries sustained by her in an automobile collision. The plaintiff's statement of claim alleges that she was a passenger in an automobile being operated in the State of New Jersey, on the White Horse Pike, in a northerly direction; that the defendant was operating his automobile in the opposite direction on the same highway at an unlawful and illegal rate of speed and crashed into the automobile in which the plaintiff was a passenger, thereby injuring the plaintiff.

The defendant directed a scire facias to be issued against Clayton D. Rothermel under the Act of April 10, 1929, P. L. 479, alleging that Rothermel is jointly and severally liable with the defendant for the cause of action declared on in this case to the extent of defendant's whole liability, and that Rothermel is personally responsible for the collision upon which the suit is based, because he suddenly made a left turn, coming to the left side of said highway to pass a machine going in the same direction, and ran into and struck the defendant's machine with great force and violence.

To this scire facias the sheriff returned that he was unable to serve Rothermel in this county, and, therefore, deputized the Sheriff of Philadelphia County to serve him, which sheriff returned "served" upon Rothermel personally at 2502 North Twenty-ninth Street, in the County of Philadelphia, and made known the contents thereof.

Rothermel presented his petition, setting forth that the collision occurred in the State of New Jersey, which the statement of claim also alleges, and that the writ of scire facias, in which the defendant seeks to have him made a party to the suit, was issued in the County of Delaware, and that he resides and was served in the City of Philadelphia, and prayed the court to strike off the return and to set aside the service on him.

The only act, in an action for damages arising from the operation of any vehicle, which authorizes service of a writ in another jurisdiction than the one in which it is issued is the Act of May 11, 1927, P. L. 886, section 1212, which provides that an action may be brought in the court of common pleas of the county wherein the damage is sustained, and that service of the writ may be made by the sheriff of that county deputizing the sheriff of the county wherein the defendant resides to serve it.

It is, therefore, clear that had the plaintiff brought suit against Rothermel in this county, the service would not be sufficient, and why a defendant may bring him into a court into which the plaintiff may not bring him is not made clear. The Act of April 10, 1929, P. L. 479, does not authorize service out of the jurisdiction, nor does it extend the jurisdiction of the court over one who is not served in the county where the collision occurred or where the writ issued. It only provides that "any defendant . . . may sue out . . . a writ of scire facias to bring upon the record as an additional defendant any other person alleged to be liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, with the same force and effect as if such other had been originally sued."

In Vinnacombe v. Philadelphia et al., 297 Pa. 564, the Supreme Court has fixed the procedure to be followed under this act, but does not construe the act to authorize service out of the jurisdiction.

And now, to wit, June 24, 1930, the return of service on Clayton D. Rothermel is hereby stricken off and the service set aside.

From William R. Toal, Media, Pa.