## Gable et ux. v. Golder et al.

*Fred B. Moser* and *George S. Russell*, for plaintiff.

*William W. Smithers* and *Harry S. Ambler, Jr.*, for defendants.

*Wayland H. Elsbree*, for additional defendant.

ALESSANDRONI, J., December 30, 1930.—A trespass action was brought by the plaintiff against Mandes Golder, trading as the Golder Construction Company, and the latter under the Act of April 10, 1929, P. L. 479, issued a writ of scire facias to join W. M. Anderson as additional defendant. The præcipe for the writ of scire facias recites in part that "W. M. Anderson is liable over to said defendant, is jointly or severally liable with said defendant for the cause of action declared on in said suit for the whole of any amount which may be recovered therein against said defendant . . . " The affidavit of defense raises but one question of law, namely, that on the facts alleged in the said præcipe W. M. Anderson could not properly be joined as additional defendant.

It is now firmly established that the act in question permits an additional defendant to be brought into the case only where he is liable over to the original defendant or is jointly or severally liable with him on the cause of action. The facts stated by the original defendant do not comply with this requirement. The præcipe recites clearly that the injury "was caused by no act of the defendant sued, but was solely the result of the negligent act of the said W. M. Anderson, his servants and agents, in negligently permitting and allowing said sidewalk to be and remain in an unsafe and dangerous condition." These facts allege that the sole liability for the injury was the negligence of the added defendant. We, therefore, conclude that under the act in question and our decisions, the question of law raised by the additional defendant should be decided in his favor: Vinnacombe v. Philadelphia, 297 Pa. 564; Gilkey v. Montag, 13 D. & C. 717.

And now, to wit, December 30, 1930, the questions of law raised in the affidavit of defense to the scire facias are sustained, and judgment is entered in favor of W. M. Anderson.