# Lex et ux. v. Roberts and Mander Stove Company et al.

*Wayland H. Elsbree* and *C. L. Cushmore, Jr.*, for Roberts and Mander Stove Company. *J. J. Tunney* for Philadelphia Rapid Transit Company, additional defendant.

ALESSANDRONI, J., April 7, 1931.—An action was brought in trespass against the defendant corporation, averring injuries to the plaintiffs by reason of the negligence of the defendant's agent in operating a motor truck. The defendant thereupon proceeded under the Act of April 10, 1929, P. L. 479, to scire facias the Philadelphia Rapid Transit Company as additional defendant. The scire facias avers that the defendant, without admitting liability to the plaintiffs, alleges that the Philadelphia Rapid Transit Company is jointly liable with the said defendant by reason of the fact that the trolley car in which the plaintiff's wife was riding was negligently operated so as to cause the collision between the trolley car and the defendant's truck.

The Philadelphia Rapid Transit Company filed an affidavit of defense raising questions of law. The sole question is whether the scire facias is in proper order. The defendant avers that the Philadelphia Rapid Transit Company is jointly liable with it, due to the negligence of the Philadelphia Rapid Transit Company's employee. The scire facias contains facts to show

that the Philadelphia Rapid Transit Company is guilty of negligence in causing the accident and avers that joint liability exists between the defendant and the added defendant. The mere fact that a statement is made that the defendant does not admit liability to the plaintiff is but a restatement of the general rule that the burden is still on the plaintiff to prove its case. Under the Scire Facias Act and the decisions construing it, the defendant need only aver the facts necessary to bring the added defendant into the proceeding. This has here been done and the questions of law raised by the defendant cannot be sustained: Vinnacombe v. Philadelphia et al., 297 Pa. 564; Gilkey v. Montag, 13 D. & C. 717.

And now, to wit, April 7, 1931, the affidavit of defense raising questions of law is dismissed, with leave to the defendant to file a supplemental affidavit of defense within ten days from the entry of this order.