## Connor v. Mitten Men & Management Bank & Trust Co. et al.

*Ballard, Spahr, Andrews & Ingersoll,* for defendant.

*John S. Sinclair, Maurice W. Sloan* and *Saul, Ewing, Remick & Saul,* for additional defendants.

ALESSANDRONI, J., July 13, 1931.—Suit was started by the plaintiff against the Mitten Men and Management Bank and Trust Company and the defendant issued a scire facias against the Real Estate-Land Title and Trust Company, among others, to join it as additional defendant. The additional defendant filed an affidavit of defense raising questions of law in lieu of demurrer, which were decided against the additional defendant in an opinion by the learned former President Judge of this court [14 D. & C. 587].

The defendant was allowed fifteen days within which to file an affidavit of defense to the averments of fact in the statement of claim recited in the writ of scire facias. The additional defendant did not file an affidavit of defense to the averments of fact in the statement of claim, but again raised the same questions of law in the affidavit of defense which were formerly raised in its affidavit of defense in lieu of demurrer, upon which this court had already rendered an opinion. A rule for judgment for want of a sufficient affidavit of defense was then taken by the defendant against the additional defendant.

The additional defendant presented its argument on questions of law in its demurrer to the statement of claim. It was granted leave to file an affidavit of defense to the facts only, and this the defendant has not done. It has merely sought in another way to raise the same questions which have already been adjudicated by this court in an opinion filed of record. A party cannot

raise the same questions in a slightly different manner after those questions have already been adjudicated by the court. His remedy lies by way of appeal. The additional defendant is merely endeavoring to circumvent the effect of the decision of this court upon the questions of law previously raised by invoking a slightly different method of raising these questions, the right to which has been granted solely to afford an opportunity to controvert the facts stated.

We cannot make ourselves a party to this practice. To do so would be to disregard the well-settled theory of *res adjudicata* and would subject the court to numerous presentations of the same question when it has already passed upon it. Such practice is to be frowned upon.

The additional defendant presents the same argument he made when these questions were formerly raised in this court and merely requests the court to reconsider its opinion. The rule before us is neither the defendant's rule for judgment nor that of the additional defendant for a rehearing. The propriety of taking this rule for judgment at this time has already been passed upon in Vinnacombe *v.* Philadelphia, 297 Pa. 564, 573.

And now, to wit, July 13, 1931, the rule for judgment for want of a sufficient affidavit of defense is made absolute and judgment is ordered entered in favor of the Mitten Men and Management Bank and Trust Company against the Real Estate-Land Title and Trust Company in the sum of $3500, with interest thereon from January 22, 1927, execution thereon to stay pending adjudication of the controversy between the plaintiff and the Mitten Men and Management Bank and Trust Company, original defendant.