## Graham v. Yellow Cab Company et al.

M. Randall Marston, for defendant.

John K. Ewing, 3rd, of Saul, Ewing, Remick & Saul, for additional defendant.

DICKINSON, J., November 4, 1931.—This action was brought in the state court of common pleas. The cause of action is an injury to the plaintiff, received through the negligence of the defendant. The case was removed to this court for trial as a diversity of citizenship case.

A Pennsylvania statute (Act of April 10, 1929, P. L. 479) provides in effect that a defendant may, by writ of scire facias, bring into the original

action as an "additional defendant" anyone "alleged to be liable over to him . . . or jointly or severally liable '. . . with him, with the same force and effect as if such other [additional defendant] had been originally sued, and such suit shall continue, both before and after judgment," &c., notwithstanding the truth that the "additional defendant" could not "properly have [been] joined" as a defendant in the suit as originally brought.

It may be here observed that this statute is open to either of two constructions. It might be read that when one is sued to whom, in case of a judgment against him, a third party is liable over, such third party may be brought into the original action as "additional defendant" as if the action had been brought against both, and if judgment be rendered for the plaintiff it might be against both or either defendant "according to equitable principles," whatever this phrase may mean. When so brought in, the "additional defendant" would not be at liberty to object that the plaintiff could not have joined him as a defendant in the original action. The statute might also be read as a procedure to try two issues in one form of action; one raising the question of the liability of the original defendant to the plaintiff, and the other the liability of the "additional defendant" to the original defendant. This would mean that there were two actions calling for two verdicts and two judgments.

It will be further noted that distinctions may exist respecting the liability of those who may be brought in as "additional defendants" which the statute ignores. The original defendant and the "additional defendant" may be jointly and severally liable to the plaintiff as joint tortfeasors but one only be sued; the original defendant and the "additional defendant" may each be answerable for his own act of negligence and be severally answerable to the plaintiff, but one only be sued although the damage flowed from the combined negligence of both; there may be (as in street opening cases) a liability to the plaintiff of the municipality for negligent oversight of its streets, and, likewise, of a third party for negligence in the cause of the damage suffered, or finally when the fact situation is fully developed it may be found that the original defendant is wholly free of responsibility and the "additional defendant" solely liable.

The acts under consideration are state statutes and the United States courts accept and follow the construction given them by the state courts. Counsel are agreed that the state courts have read the Act of 1929 as calling for two actions and two findings; one of the plaintiff against the original defendant; the other of the latter against the additional defendant: Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564.

Counsel are also agreed that the state courts have ruled that the Act of 1929 has no application to cases in which the original defendant or the "additional defendant" is alone wholly and solely responsible: Folcroft v. Lenhart, 14 D. & C. 535.

The case of Gable v. Golder, 15 D. & C. 55, has been cited to us to the same effect.

Accepting, as we do, the meaning of the act as it is declared to be by the state courts, these rulings do not call for vindication but for acceptance. The logic of the reasoning, however, in the latter cases draws anyone to the conclusion reached. If the purpose of the act be to save a second action in which the original defendant has a right of action over against the "additional defendant," the act clearly has no application in cases in which this secondary cause of action does not exist. If, for illustration, a plaintiff sues B for a tort of which he is not guilty, B has a good defense to the action. If the truth be that C was alone guilty of the tort, against whom the plaintiff should

have brought his action as alone responsible, B has no cause of action against C, and hence cannot substitute C as the defendant by bringing him upon the record as "additional defendant." This seems clear. At all events, the state courts have so ruled.

The averment here is that the one sought to be made "additional defendant" is alone responsible for the damage of which the plaintiff complains, and the scire facias process issued when the law was as set forth above. This omission in the law (if one there was) has been since supplied and now a scire facias may issue upon the averment that the "additional defendant" is alone responsible for the damage claimed: Act of June 22, 1931, P. L. 663.

The argument urged upon us by the original defendant is that under the Act of 1929 a writ of scire facias might issue even if the "additional defendant" was alone liable. We cannot accept this view. It is not in accord with the construction given to the act by the state courts. We owe to the Vinnacombe case, *supra*, the clearly stated proposition that the purpose of the act is to give to the original defendant assurance of all his rights against the "additional defendant" in case there is a verdict in the original action, but "if the verdict . . . is in favor of the original defendant," there is nothing more to be done. This surely means that if the original defendant was not responsible (as he would not be if the "additional defendant" was solely and alone responsible), the act had no application. It did not rule (for the point was not presented) that the denial of any liability justified the denial of the right to the scire facias proceeding, but this is the very point raised and sustained in the other cases cited. The real position of a defendant in the defensive attitude of this defendant is, "we assert that we have been guilty of no act of negligence and that the damage claimed is due, if to anything, solely to the negligent act of the additional defendant; if, however, we are held to be answerable, then we assert our right to recover over against the 'additional defendant.'" It has been ruled that the defendant could not assert such a right under the Act of 1929, but the Act of 1931, as we construe it, gives that very right. In the absence of any rulings by the state courts, we are perforce compelled to put our own construction upon the Act of 1931. Our construction is that it simply changes the rulings in the cited cases and gives a different meaning to the Act of 1929 than that given to it by the state courts. In other words, it gives a statutory construction to the Act of 1929. This, of course, can take effect only as a change in the law prospectively as of the date of June 22, 1931, or, in other words, be what it purports to be— an amendment of the Act of 1929. This reduces the question before us to one which can be very simply stated. Can this scire facias process, which was unwarranted when it issued, be upheld because authorized when the question of its lawfulness is considered? It will be noted that the very question concedes that if the scire facias proceeding as begun were discontinued and an alias writ issued, the objection would be wholly met. To require this would be to stand upon the purest matter of form. The Act of 1931 may be read as giving validity to process issued under the Act of 1929. We are dealing with a question of mere procedure, and it has always been held that changes in mere procedure are not open to the criticism well directed against retroactive statutes which affect substantive rights.

This takes us to the other objections urged to this mode of procedure in the very clear-cut brief submitted.

We have already reached the limits of an opinion, and hence must forego the very interesting discussion into which the argument addressed to us would lead. The purpose of the Act of 1929 might seem to be single and simple.

This case and others which may be anticipated to arise suggest that the subject is by no means as simple as it was thought to be. The affidavit in effect avers that on the showing made, the original defendant has no cause of action against the "additional defendant," and hence the latter cannot be brought into the case. It will at once be seen that the question turns upon the nature of the action after the "additional defendant" has been brought in. If he is an "additional defendant" in the sense he would have been if made a defendant along with the defendant named in the original suit, so that a verdict might be rendered in favor of the plaintiff and against the original defendant or the "additional defendant" or both, as in an original suit against both, many of the difficulties confronting us would disappear. If, however, the suit by the bringing in of the "additional defendant" becomes two actions, one of the plaintiff against the original defendant alone, and the other an action over by the original defendant against the "additional defendant" to recover in whole or in part whatever the original defendant must pay to the plaintiff, then we are confronted with a real logical dilemma in the instant case. The damages resulted to a passenger in the Yellow Cab, which was in collision with a car of the "additional defendant." Assuming the plaintiff to have sustained injuries, these might have been due wholly to the negligence of the Yellow Cab Company (the original defendant) or wholly to the negligence of the "additional defendant," the original defendant being wholly free from negligence which in any degree contributed to the injuries, or the injuries might have been due to the concurrent negligence of both the original defendant and the "additional defendant." If the finding is that the Yellow Cab Company was wholly without negligence, the plaintiff could not recover against it, in which event it would have no cause of action against the "additional defendant." If the negligence was the concurrent negligence of both the Yellow Cab and the "additional defendant," then the cab company could not recover against the "additional defendant," because, as between two tortfeasors, neither can recover against the other. So that in no event could there be a verdict against the "additional defendant" unless the plaintiff could have one because such defendant was wholly to blame. Such a verdict of the plaintiff against the "additional defendant" is the very verdict which, under the Vinnacombe case, cannot be rendered. That case flatly rules that the plaintiff is in no wise concerned with the "additional defendant," but that the plaintiff's "action proceeds against the original defendant only, exactly as it would have done if the additional defendants had not been named," and further "if, at trial, the jury's verdict is in favor of the original defendant, they need go no further." This certainly means what the opinion elsewhere makes even clearer, that there are but two actions, one of the plaintiff against the original defendant, and the other of the original defendant (if found liable) against the "additional defendant," and that there is no action of the plaintiff against the "additional defendant."

The suggestion that this is a trial question and not one of pleading is met by the truth that this is one of the kind of questions which the Practice Act of 1915 intends to be disposed of in advance of trial. It is a *cui bono* inquiry. If in no event can there be a verdict against the "additional defendant," why bring him in?

The question of law raised and discussed is decided in favor of the "additional defendant," and an appropriate order may be submitted.