## Fisher v. Yellow Cab Company.

Clarence Loeb, for plaintiff.

M. Randall Marston, for defendant.

Thomas S. Lanard, for additional defendant.

DICKINSON, J., November 5, 1931. — The opinion handed down in the Graham case [16 D. & C. 238] is incorporated herewith so far as applicable. This would make a further opinion unnecessary, except that this case presents an additional and novel question which did not arise in the Graham case. The action was brought in the state court of common pleas and removed to this court on the averment of diversity of citizenship. It is not denied that there is such diversity between the plaintiff and the original defendant. The latter has, however, under the Pennsylvania Act of 1929, amended in 1931, brought in Warren F. Doane as "additional defendant." Between this "additional defendant" and the plaintiff there is no diversity of citizenship. A question of jurisdiction is thus raised.

It is urged upon us with much force and plausibility that a suit by the plaintiff against the "additional defendant" could neither have been brought in nor removed to this court because of the absence of judicial power in this court to entertain it. If the "additional defendant" had been made a defendant either alone or jointly with the original defendant named, the cause could not have been removed or, if inadvertently brought here, would be remanded.

We quite agree with the experienced counsel for the "additional defendant" in the very able argument addressed to us that jurisdiction in the *coram judice* sense is conferred by the Constitution of the United States, supplemented by the Acts of Congress, and that no state statute can enlarge or modify such jurisdictional power, and if the state legislature cannot do this, surely the Yellow Cab Company cannot. It is difficult to deny the truth of the statement that, if the original defendant in an action of which this court has jurisdiction can, by issuing a scire facias, bring in as a defendant a party over whom this court has no jurisdiction, then the original defendant is in a real sense conferring upon this court a judicial power which it would otherwise not have. In the view which counsel for the "additional defendant" takes of the case before us, we would quite agree with his conclusion that we are without the judicial power to adjudge it. We are not impressed with the thought expressed by the original defendant that to deny the right to a writ of scire facias in a case which has been removed to this court is to deprive it of a right which as a litigant it has. There would be no denial of a right other than the denial that it had any such right. It had the right to remove the case of Fisher *v.* Yellow Cab Company to this court, but it had no right to remove a case of Fisher *v.* Doane or Doane et al., and what it could not do directly, it cannot do indirectly. Moreover, the question is one of jurisdiction of the persons of the litigants. If the question were one of jurisdiction of the subject matter, there is ample authority for the proposition that a court which has assumed jurisdiction of a cause may proceed, in order to do full legal justice, to determine questions of which of themselves the court would have no jurisdiction. There is no case, however, to which our attention has been called which holds that merely because a cause is in court a new party defendant, over whom the court has no jurisdiction, can be brought in and thus subjected to a jurisdiction which does not otherwise exist, nor *a fortiori* can a new party defendant be brought into court to answer a new cause of action of which the court has no jurisdiction, merely because the plaintiff is already in court in another cause of which the court has jurisdiction.

If the viewpoint from which the case is above discussed were the true viewpoint, we would be of opinion that the question of law raised in favor of the defendant should be sustained. We find ourselves out of accord with both counsel in the point from which they view and have discussed the question. This question turns, as we view it, upon the other question of who are the parties to the action. There are, as we understand the rulings of the state courts, two cases to be tried. Although tried by the same jury and under the same evidence they are as distinct as if made the subject of separate suits. One is by the plaintiff against the original defendant. If this is determined in favor of the defendant, there is nothing more to be done than to record the verdict. If, however, this is determined in favor of the plaintiff, then the jury determines as between the original defendant and the "additional defendant" who is the responsible party, precisely as would have been done before the Act of 1929 if the original defendant had been sued, had paid the judgment and had brought suit against the "additional defendant" to recoup.

We are quite aware of the size of the job thus imposed upon court and jury. Some of the questions of real difficulty are suggested in the very able briefs submitted. None the less, we so read the Vinnacombe ruling [Vinnacombe et ux. *v.* Philadelphia et al., 297 Pa. 564]. Thus viewed, the two cases before us are Fisher *v.* Yellow Cab Company and Yellow Cab Company *v.* Doane, in each of which the jurisdictional facts are present.

We consequently refuse to determine this question of jurisdiction in favor of the "additional defendant," but do find the other question discussed in the Graham case in his favor.

An appropriate decree may be submitted.