## Gunn v. Bellevue Garage

*Reed, Smith, Shaw & McClay*, for plaintiff.

*Dalzell, Dalzell, McFall & Pringle* and *James J. Burns, Jr.*, for defendant.

ROWAND, J., April 22, 1932.—On November 1, 1929, plaintiff filed a præcipe for summons in trespass against the defendant. The summons was duly served

on November 2, 1929. On November 3, 1929, defendant filed a præcipe for appearance. On March 21, 1930, plaintiff filed her statement of claim, alleging that she was injured on November 2, 1927, while a passenger in an automobile of defendant company. This statement of claim was duly served on counsel for defendant. The sixth paragraph of it reads as follows:

"In the course of said journey, and while said automobile of the defendant was being driven by its said servant in a southerly direction on Saint James Street, in the City of Pittsburgh, Pa., at or near the intersection of said Saint James Street with Pembroke Street, in said city, defendant, by its said servant, at said place so negligently operated the said automobile of the defendant as to collide with a certain Dodge coupe automobile bearing Pennsylvania license number 49320 of 1927, which, on information and belief, was being driven by and was the property of Thomas Bell Moreland, a resident and citizen of the City of Pittsburgh, County of Allegheny and Commonwealth of Pennsylvania."

On April 11, 1930, defendant filed a præcipe for sci. fa. to bring in another defendant under the Act of 1929, the same reading in part as follows:

"Issue a writ of sci. fa. in the above entitled case in accordance with the provisions of the Act of April 10, 1929, P. L. 479, to bring upon the record as an additional defendant Thomas B. Moreland, who, the defendant alleges, is jointly or severally liable with it for the cause of action declared on in this case to the extent of the whole of the amount which may be recovered therein against it."

On December 23, 1931, defendant filed a further præcipe for writ of sci. fa., this præcipe reading in part as follows:

"Issue a writ of sci. fa. in the above entitled case in accordance with the provisions of the Act of April 10, 1929, P. L. 479, and amendments thereto, to bring upon the record as an additional defendant Thomas B. Moreland, whom the defendant alleges to be alone or jointly or severally liable with the defendant for the cause of action declared upon in this case."

In this præcipe the defendant recites the accident as having happened on November 2, 1927, alleging that the additional defendant was negligent in the operation of his Dodge coupe.

On April 23, 1930, the sheriff made the following return:

"Served Thomas B. Moreland, defendant, by leaving a true and correct copy of the within writ together with a copy of the plaintiff's statement of claim, having endorsements thereon, with an adult member of his family at his residence, No. 218 North Highland Avenue, Pittsburgh, Pa., and by making known the contents thereof."

On July 30, 1930, a præcipe was filed by counsel for plaintiff placing the case upon the issue docket.

On February 16, 1932, defendant filed its amended writ of sci. fa. in which it again named Thomas B. Moreland as an additional defendant. The writ was duly issued and the sheriff made the following return:

"December 29, 1931, served Thomas B. Moreland, the within named defendant, by leaving a true and attested copy of the within writ, together with a copy of the plaintiff's statement of claim, endorsed, with notice to file an affidavit of defense within fifteen days, with an adult member of his family at his residence, No. 5937 Bryant Court, Pittsburgh, and by making known the contents thereof."

It is to be noted that in the first writ a Thomas B. Moreland residing at No. 218 North Highland Avenue was served, and in the latter writ a Thomas B. Moreland of No. 5937 Bryant Court was served. We take it from these pleadings that there was some confusion as to the proper Thomas B. Moreland. This confusion

would not have occurred had the defendant used due diligence in locating the proper Thomas B. Moreland, as it appears in the sixth paragraph of the statement of claim, which we have already quoted, that Thomas B. Moreland was the owner of license 49320 of 1927, and inquiry of the State Highway Department would have given the address of the holder of this license. We further take it that the sci. fa. to bring in Thomas B. Moreland of Highland Avenue as an additional defendant is abandoned.

On January 13, 1932, Thomas B. Moreland, residing at No. 5937 Bryant Court, filed his motion to show cause why the writ of sci. fa. issued December 23, 1931, should not be stricken off, and on February 27, 1932, filed an affidavit of defense raising questions of law, alleging that he is not liable to plaintiff or alone or jointly liable with the defendant for the reason that the said cause of action arose November 2, 1927, and that he was not served with the writ of sci. fa. until December 29, 1931, more than four years after the said cause of action arose.

We are in accord that the issuance of the writ to bring in Thomas B. Moreland of Bryant Court is barred by the statute of limitations. This is not a case in which the additional defendant is charged with being liable over to the original defendant. The Act of April 10, 1929, P. L. 479, provides:

"Any defendant named in any action, may sue out, as of course, a writ of scire facias to bring upon the record as an additional defendant any other person alleged to be liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, with the same forcé and effect as if such other had been originally sued, and such suit shall continue, both before and after judgment, according to equitable principles, although at common law, or under existing statutes, the plaintiff could not properly have joined all such parties as defendants."

Mr. Justice Simpson in the case of Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564, in speaking of the Act of 1929, said (at page 569) :

"Nothing in the act shows the slightest intention to affect plaintiffs in such suits. Consequently, the adding of additional defendants will give no higher right to plaintiffs than they had before. As to them the action proceeds against the original defendant only, exactly as it would have done if the additional defendants had not been named, except that the court below, in the exercise of a sound discretion, should give to the original defendant, who acts promptly, a reasonable extra time to bring the additional defendants upon the record, before being required to file an affidavit of defense or plea. It follows, that no question can arise as to an implied repeal of the statute of limitations as between the additional defendants and plaintiff."

The Act of June 22, 1931, P. L. 663, is an amendment to the Act of 1929, and provides:

"That any defendant, named in any action, may sue out, as of course, a writ of scire facias to bring upon the record, as an additional defendant, any other person alleged to be alone liable or liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, with the same force and effect as if such other had been originally sued; and such original defendant shall have the same rights in securing service of said writ as the plaintiff in the proceedings had for service of process in said cause. Where it shall appear that an added defendant is liable to the plaintiff, either alone or jointly with any other defendant, the plaintiff may have verdict and judgment or other relief against such additional defendant to the same extent as if such defendant had been duly summoned by the plaintiff and the statement of claim had been amended to include such defendant, and as if he had replied thereto denying all liability.

"Upon the joinder of additional defendants under the terms of this act, such suit shall continue, both before and after judgment, according to equitable principles, although at common law, or under existing statutes, the plaintiff could not properly have joined all such parties as defendants."

Under the Act of 1931, substantial rights beween the plaintiff and additional defendant are involved and a verdict and judgment may be had in favor of the plaintiff against such additional defendant, but we cannot construe the Act of 1931 as permitting the original defendant to bring in an additional defendant after the running of the period of the statute of limitations. To do so would be to grant the plaintiff a right which she never sought against a defendant whose liability had already been terminated by the running of the statute. There is no notice in the title of the Act of 1931 of any intention to repeal, modify or amend the statute of limitations.

We conclude that this writ cannot stand and the action against the additional defendant is barred by the statute of limitations.

From William J. Aiken, Pittsburgh, Pa.