## Malett v. Kaler

Robert M. Fortney, for plaintiff.

Knight & Kivko and J. A. Welsh, for defendant.

Charles C. Lark, for additional defendant.

MORGANROTH, P. J., February 19, 1934.—This is a rule to show cause why a writ of sci. fa. issued under the Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663, to bring upon the record an additional defendant in an action in trespass, should not be quashed.

Two reasons were pressed upon argument: (1) Because the writ was returned to a return day unknown to the law; and (2) because the writ was improperly served.

Vinnacombe et ux. v. City of Philadelphia et al., 297 Pa. 564, negatives the first proposition. The learned counsel for the petition to quash the writ contends that the appellate court had no power to require the filing of an answer within 15 days after service of the writ, for the reason that no affidavit of defense should be required to be filed before the return day of the writ: Act of March 10, 1921, P. L. 16, amending section 12 of the Practice Act of May 14, 1915, P. L. 483; and suggests that this be made the rule in this court, notwithstanding the decision in the Vinnacombe case.

We do not look kindly upon this suggestion, the adoption of which would effect a judgment of this court contrary to the rule of practice promulgated by the appellate court. Without discussing the niceties of argument advanced, it is sufficient to say that the rule requiring an answer to the writ of sci. fa.

within 15 days speeds the cause to issue, which may have been one of the reasons why the rule was made, and is a good and sufficient one.

As to the second proposition, the pleadings and the testimony taken show conclusively that the writ served was not a true and attested copy, in that it was not signed or dated, nor was any signature of the prothonotary copied thereon or properly attested. This is fatal to the writ: Smith v. Long, 1 Northum. 209, and cases therein cited; Brenner v. Meltzer, 14 Dist. R. 461.

And now, February 19, 1934, the rule to show cause why the alleged writ of sci. fa. issued against Joseph Schweidel should not be quashed is made absolute, and the writ is herewith quashed.