## Perry et ux. v. Macey's Outlet Stores, Inc.

60

*Welles, Mumford, Stark & McGrath,* for plaintiffs.
*Bialowski & Bialowski,* for defendant.
*S. F. Coar* and *D. J. Reedy,* for additional defendant.

LEACH, P. J., February 3, 1936.—Plaintiff claimed for injuries caused by slipping on a floor in the premises of the original defendant. Thereupon a sci. fa. issued to bring in the Prudential Life Insurance Company of America and the Scranton Professional Window Cleaning Company as additional defendants, on the ground that they were jointly and solely liable by reason of the fact that: "the original defendant is a lessee of the Prudential Life Insurance Company of America, who is the owner of premises known as 223 Lackawanna Avenue, Scranton, Pennsylvania; that said premises were leased to the original defendant on or about June 23, 1935, for a term of one month commencing on the first day of July 1935. The original defendant, having taken possession actually on the sixth day of July 1935, was unaware of the hump or other defective condition of the premises, but that the Prudential Life Insurance Company, the owner of said premises, knew of and permitted the defective condition to exist in the floor as set forth in plaintiffs' statement hereto attached. And the original defendant further avers that on or about July 6, 1935, it entered into a contract with the other additional defendant, the Scranton Professional Window Cleaning Company, to clean and wax the linoleum which covered the floor in the premises hereinbefore recited, in a workmanlike manner; that the said additional defendant, the Scranton Professional Window Cleaning Company, did not clean and wax the floor in a workmanlike manner, but allowed it to be slip-

pery and oily and in such condition directly over the hump set forth in plaintiffs' statement of claim that, when the plaintiff stepped on the hump, her weight caused her to slide off of same, falling to the floor in the manner described in plaintiffs' statement of claim hereto attached."

The Prudential Life Insurance Company, additional defendant, moved to quash the writ of sci. fa. on the ground that, since the sci. fa. claims that the additional defendants are jointly and solely liable, there are two separate, distinct and specific acts of negligence alleged. It insists that the writ of sci. fa. should be quashed because it cannot be solely liable. One of the additional defendants is responsible or the other is responsible, or the two of them may be responsible, but they may not be solely responsible as joint defendants.

We have heretofore held that the statement of facts in the writ of sci. fa. controls and not the conclusions of the pleader as to the nature of the liability. The Act of April 10, 1929, P. L. 479, should be liberally interpreted: Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564. Since the Act of June 29, 1923, P. L. 981, it has been permissible to sue several defendants as jointly liable, although it might turn out that one of them is improperly joined. The same rule should apply in this case. At the present time it is a question of fact whether either of the additional defendants is liable, or both are liable, or one is liable. To quash the writ because the conclusion of the pleader might not conform to the facts as proved would be to work an injustice.

Now, February 3, 1936, the rule to quash the writ of sci. fa. against the Prudential Life Insurance Company is discharged.