## Mraz et ux. v. Fischer et al.

*Leon H. Fox*, for plaintiffs.
*Arthur W. Bean*, for defendants.

CORSON, J., October 8, 1952.—This case originally started as Mraz et ux., plaintiffs, v. Fischer and Johnson, defendants. After service upon defendants, proceedings were taken by defendants to bring Walter J. Coward upon the record as an additional defendant, alleging that he was solely or jointly liable with original defendants for plaintiffs' damages.

The complaint was filed on August 15, 1951. On October 18, 1951, defendant's answer and præcipe to join additional defendant was filed. On June 20, 1952, defendants filed a petition to stay proceedings, setting forth a general statement of the facts and alleging upon information and belief that additional defendant was at the time of such filing in the military service of the United States serving aboard an aircraft carrier in Korean waters, and that additional defendant is, therefore, unable to attend the trial. The petition further avers that defendants had no knowledge as to when additional defendant will be released from military service. In this petition defendants seek to

have plaintiffs' action stayed as to both defendants and additional defendant for the period of additional defendant's military service and 60 days thereafter.

After answer filed and argument before the court en banc the petition and rule granted thereon are now before us for decision. It is now over a year since plaintiffs filed their suit. No action was brought by plaintiffs against additional defendant and it would appear from the pleadings that the statute of limitations has expired so far as any action that plaintiffs might bring against additional defendant.

While it is true that the purpose of the Rules of Civil Procedure allowing defendant to bring upon the record an additional defendant is to avoid multiplicity of suits and to allow all issues to be decided before the same jury yet, in effect, when defendant joins an additional defendant so far as additional defendant's case is concerned, the burden rests upon original defendant to show joint or sole liability in additional defendant. No such burden rests upon plaintiffs. For practical purposes we have two cases heard before the same jury—the first between plaintiff and original defendant and the second between defendant and additional defendant: Vinnacombe et ux. v. Philadelphia and American Stores Co. et al., 297 Pa. 564, 569 (1929).

The brief filed by defendant petitioners would seem to show a great solicitude for additional defendant, but very little for plaintiffs. If defendants' contention is upheld the only thing necessary to prevent recovery in any case is to name an additional defendant who is in the military service.

A recent article in a National weekly referred to the present judicial system in New Jersey and that State's new Rules of Procedure. The article called attention to one rule which provides to the general effect that if the application of any rule or rules brings about an unlawful result, such rules shall not be

enforced in that particular case. While the Pennsylvania Rules of Civil Procedure have no such specific provision, certainly in an attempt to streamline procedure by permitting the addition of an additional defendant, the Supreme Court did not intend that such privilege to a defendant should be construed to defeat the claim of a plaintiff against an original defendant. While defendants' brief would almost give the impression that additional defendant was represented by original defendants' counsel, yet no effort appears to have been made to see whether additional defendant will be available in the near future, what his period of service may be, or any other information as to his service situation. While it may be unfortunate that defendant will not be available for trial, yet that fact, we feel, cannot be used to indefinitely delay and hinder the claims of plaintiffs against original defendants.

While the petition to stay proceedings, so far as additional defendant is concerned, should probably have been filed by additional defendant, yet under the facts alleged in the pleadings we feel that the proceedings in this case, insofar as additional defendant only is concerned, must be stayed. As to the case of plaintiffs against original defendants, we feel that further stay must be refused and the present stay vacated. We feel that it is better to risk the possibility of another trial involving defendants and additional defendant, rather than deny plaintiffs the right to proceed with their claims against defendants.

There is always the possibility that there might be a verdict for defendants, in which case their claim against additional defendant would become moot. While it is not set forth in the petition, defendants, in their brief, intimate that additional defendant would be a material witness in their case. While it is difficult to see how an additional defendant, whom defendant has charged with being solely liable, could

conceivably be a very friendly or favorable witness for defendants, yet that question will have to be passed upon when the case between plaintiffs and original defendants is called for trial.

We therefore enter the following order:

And now, October 8, 1952, defendants' petition asking that all proceedings be stayed between plaintiffs and petitioners is dismissed and the rule granted thereon discharged. From the facts set forth, however, in defendants' petition, and sworn to by defendants, it would appear that additional defendant is in the military service. Under section 201 of the Soldiers' and Sailors' Civil Relief Act we feel that proceedings should be, and therefore are, stayed as to Walter J. Coward, additional defendant, until the expiration of his term of military service and 60 days thereafter.