## Orrin Clayton, Inc., v. Lehigh Aircraft Co., Inc.

*E. G. Scoblionko*, for plaintiff.

*Theodore R. Gardner* and *Arthur T. Gillespie*, for defendants.

*Edward H. McGee*, for additional defendant.

KOCH, J., September 8, 1959.—Reading Aviation Service, Inc., the additional defendant in this action, has filed a preliminary objection in the form of a motion to strike the joinder.

Plaintiff averred in its amended complaint in assumpsit that on or about October 15, 1957, it delivered to defendants an airplane owned by it. It is alleged that the parties entered into an oral contract by which defendants were to repair the plane and return it to plaintiff, that on or about October 19, 1957, defendants returned it in a damaged condition.

An answer was filed by the original defendants denying any responsibility for any damages to the aircraft, and also joined the additional defendant, alleging that if any damage was caused, it was while the plane was in the exclusive custody and control of the additional defendant under circumstances peculiarly within the knowledge of the additional defendant.

The additional defendant contends that it was improperly joined as a party on the "cause of action declared upon" by plaintiff under Pa. R. C. P. 2252(*a*) which provides as follows:

"In any action the defendant or any additional defendant may file as of course a praecipe for a writ, or a complaint, to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him."

In order for an additional defendant to be "alone liable" to plaintiff, an allegation of facts indicating that the harm complained of by plaintiff has been caused by the additional defendant is required. Paragraph 12 of defendant's complaint satisfied this principle. It is as follows:

"12. If said damages were sustained by plaintiff, as alleged, they occurred while said aircraft was in the exclusive custody, care and control of the additional defendant and under circumstances peculiarly within the knowledge of the additional defendant."

For an additional defendant to be "liable over" to the original defendant facts must be alleged showing the relationship between original defendant and additional defendant which give rise to a right of indemnity or contribution. Paragraphs 5, 6, 7, 11 and 12 allege facts showing delivery of plaintiff's plane to the additional defendant and the fact of an implied duty of indemnity on the part of the additional defendant. Here, as in Huckstein v. Jourdan, 7 D. & C. 2d 539, plaintiffs could have sued additional defendant solely if it had so desired and could have done so in an action of trespass or plaintiff could have sued defendant and the additional defendant jointly. The following appears in 3 Goodrich-Amram, Procedural Rules Service, §2252(a)-7:

"D2 must, of course, be 'liable over' on the cause of action as pleaded by the plaintiff, otherwise the joinder is improper. For instance, in an action of replevin with bond a defendant cannot join a third person on a claim

of indemnity based upon an implied warranty of title. Certainly if D1 claims on a separate and independent contract between D2 and P and there is no assertion that D2 is liable on the contract on which P is suing D1, joinder of D2 would be improper. However, when the factual situation would permit P to sue either D1 or D2 alone or jointly D1 may, if sued alone, join D2 irrespective of the existence of a contractual arrangement between D1 and D2."

Although there was an express contract between defendant and additional defendant, this is not the basis of defendant's complaint; it is rather one of tortious conduct and consequently the joinder is proper.

The additional defendant seems to rely principally on Land Title Bank & Trust Company v. Cheltenham National Bank, 362 Pa. 30, 41. There a title company drew its checks for the amount of forged mortgages to the order of the owner and entrusted them to the owner's alleged agent who had forged the payee's name and collected the checks at defendant's bank. Defendant attempted to bring in as additional parties defendant one of the notaries public who had executed the acknowledgments accompanying the bonds and mortgages and the sureties upon the bonds of the notaries. The court held that plaintiff's action against defendant and any right of recovery which might be exercised by either plaintiff or defendant against the notaries and bondsmen were so utterly distinct and unrelated that joinder was improper. In the case at bar the reliance is not based on an express contract between additional defendant and original defendant.

Tele-Tone National Corp. v. Sheftz, 77 D. & C. 459, also cited by additional defendant, does not aid his position. There the court said: "There is no connection between the cause of action arising out of a breach of the common carrier's contract to carry and the cause

of action upon which the plaintiff originally sued to recover the purchase price of goods sold and delivered." In the case at bar it is clear that the aircraft was in the possession of the additional defendant and simple logic would dictate the advisability of determining liability in one trial.

In concluding that the additional defendant's preliminary objection to defendants' complaint must be overruled we deem the observation of Judge Herman in Prowell v. Brittingham, 16 D. & C. 2d 198, 201, to be applicable:

"The principle which evolves from the additional defendant cases in actions at law, however, seems to be as Goodrich-Amram Civ. Pract., §2252(a)-6, points out, that: 'In determining whether a joinder is proper because based on the "cause of action declared upon by plaintiff," *the words will be broadly construed.*' (Italics supplied.) And further, that: 'The purpose of Rule 2252(a) is to avoid multiplicity of suits by affording original defendant the opportunity of bringing into the proceedings any other interested parties, to the end that their liability, if any, may be determined in the same proceedings, thereby the expense of the litigation is reduced and the time of the litigants and of the courts is conserved.' See also Turberville v. West Penn Water Co., 60 D. & C. 557 (1947) ; Philadelphia, to use, v. Kelly, 78 D. & C. 445 (1951) ; Gaskowitz v. Contis, 102 Pitts. L. J. 17 (1953) ; Vinnacombe v. Philadelphia and American Stores Co., 297 Pa. 564 (1929)."

### Order

And now, September 8, 1959, the additional defendant's preliminary objection to defendant's complaint is overruled and dismissed and it is ordered that the additional defendant, if it wishes, file an answer on the merits within 20 days after service of this order upon its counsel.