Shapiro *v.* Philadelphia (Appellant) et al.

217

Argued January 14, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

218

*Israel K. Levy,* with him *G. Coe Farrier,* Assistant City Solicitor, and *Augustus Trask Ashton,* City Solicitor, for appellant.—In an action of trespass against two defendants jointly, one of them may issue a writ of scire facias against the other under the provisions of the Additional Defendants' Act of April 10, 1929, P. L. 479, as amended, for the purpose of creating an issue between them on the question of indemnity: Stone v. Phila., 302 Pa. 340; Bailey v. Lavine, 302 Pa. 273.

A verdict in a joint suit cannot determine the question of primary responsibility: Reimel v. Trust Co., 304 Pa. 121.

The purpose of the Act of April 10, 1929, P. L. 479, was to permit the raising of an issue between the two defendants in this case by scire facias proceedings, although the additional defendant may already be a party defendant: Eddystone Boro. School Dist. v. Lewis, 101 Pa. Superior Ct. 583; Vinnacombe v. Phila., 297 Pa. 564.

The pendency of a joint suit against two defendants should not bar the issuance of a writ of scire facias by one defendant against the other: Phila. v. Reading Co., 295 Pa. 183.

The writ of scire facias in the instant case was sued out on June 3, 1931, and the Act of 1931 went into effect on September 1, 1931. The question, therefore, arises: What effect, if any, has this amending act upon pending litigation? It is undoubtedly procedural in its nature, and hence "it is applied, as of course, to litigation existing at the time of its passage": Vinnacombe v. Phila., 297 Pa. 564; Bailey v. Lavine, 302 Pa. 273.

*Chester N. Farr, Jr.,* with him *Bernard J. O'Connell,* for appellee.—This court has already defined the meaning of the term "additional defendants" in the Sci. Fa. Act in the case of First Nat. Bank of Pittsburgh v. Baird, 300 Pa. 92, 97.

OPINION BY MR. JUSTICE SIMPSON, February 3, 1932:
This is a suit against the City of Philadelphia and the Philadelphia Rapid Transit Company, to recover damages for the alleged joint negligence of the two defendants. After both defendants appeared to the action, the city issued a scire facias under the Act of April 10, 1929, P. L. 479, to bring the transit company upon the record as an "additional defendant." The court below quashed the writ, because it could not understand how one who was already a defendant could be an "additional defendant," or "third party," as we defined those words in First Nat. Bank of Pittsburgh v. Baird, 300 Pa. 92, 97. The manifest purpose of the act is to enable defendants who have been sued, to bring upon the record as "additional defendants" those not already there, who are alleged to be liable to those who are; the procedure in establishing this liability is not specified in the statute, but is wisely left to be worked out by the judiciary. In doing this, however, we cannot so extend the language of the act as to make one an "additional defendant," who is not and cannot be "additional" to the defendants already there. As the only complaint made ·

against the court below is that it refused to permit this impossible thing, we must, of course, affirm its order.

Nor can we see any of the dire calamities which counsel for the city fear will result from an affirmance of the order. We said in First Nat. Bank of Pittsburgh v. Baird, 300 Pa. 92, 101, when speaking of this statute: "In all civil litigation, the trial courts, at least to the extent that they are not inhibited by statute, have the power to control the procedure so as to attain 'justice without sale, denial or delay.' It may be said, generally speaking, that, in the absence of applicable legislation, this control is limited only by the constitutional requirements of the right of trial by jury, and the litigant's right to a full and fair hearing before judgment is entered against him." We also said in Vinnacombe v. Phila., 297 Pa. 564, 569: "The act is a remedial one. Its purpose is to avoid a multiplicity of suits...... Hence the statute is to be liberally construed to advance the legislative purpose." It follows that if the situation which arises in a given case is not within the strict letter of the act, but is within its spirit and intention, the court should so direct the procedure that the legislative purpose may be enforced, so far as this can properly be done. If this rule is applied to the instant case, all or nearly all of appellant's imagined difficulties will wholly disappear.

It is true that plaintiff may attempt to discontinue the action so far as concerns the transit company, but, if he does, it will be the duty of the court below, if moved thereto by the city, to do one of two things: either to strike off the discontinuance, or to give the city a sufficient time to issue a scire facias under the Act of 1929, supra, against the transit company, which will then be an "additional defendant," and to put the case at issue under that statute. This is required because otherwise the city will be deprived of its statutory right under the act. While a discontinuance is ordinarily entered without leave of court actually obtained, it is none the less

presumed to be entered by such leave, and will be stricken off in all cases where it would be inequitable to permit it to remain: Pollock v. Hall, 3 Yeates 42; Mechanics' Bank, etc., v. Fisher, 1 Rawle 341; 18 C. J. 1158, section 31.

It is true, also, that plaintiff may, at the trial, produce no evidence affecting the transit company, so that, in ordinary cases, a nonsuit would be entered in its favor as soon as plaintiff's evidence was closed; but the situation would be exactly the same if the city and transit company continued as original defendants, and the transit company became also a so-called "additional defendant." In this, as in all other cases within the purview of the Act of 1929, the trial court should allow the city to offer evidence to show that the transit company was liable (primarily, jointly, or, since the amendment of 1931, solely) for the tort complained of, before entering a nonsuit or directing a verdict in favor of the transit company. This is the city's right, whether she appears as one of two original defendants, or as the only original one with the transit company as an "additional defendant." There is no legal right to a nonsuit after plaintiff has rested his case, nor can the failure to grant it be assigned as error: Keck v. Pittsburgh, Harmony, etc., Ry. Co., 271 Pa. 479; Carrell v. Hannan, 289 Pa. 65. A defendant is entitled to have binding instructions in his favor, after the evidence of all parties has been given, if at that time it would not justify a verdict against him; or to have a judgment non obstante veredicto, if there is not sufficient evidence to sustain a verdict against him, if he has moved for binding instructions in his favor after the close of the evidence of all parties, and if he later moves for such judgment; but these are the limits of his legal rights in this respect.

Nor does any difficulty necessarily arise because there are here no pleadings as between the two defendants. As we pointed out in Malone v. Union Paving Co., 306 Pa. 111, the trial judge can, and, in such a contingency,

should require the jury to make a special finding regarding the primary liability as between the two defendants. If this is done, the city, if found to be but secondarily liable, may require plaintiff, upon paying him in full, to mark the judgment to its use: Goldman v. Mitchell-Fletcher Co., 292 Pa. 354.

It is true also that, as the record now is, the city cannot have the issue between it and the transit company determined prior to the trial between plaintiff and the original defendants, as it might be able to do if the transit company were an additional defendant; but if this is so important as to require compulsory process to enforce it, the complaint will have to be made to the legislature. Assuming that it is of such importance, which seems to us, in view of what we have already said, to be more imaginary than real, we would not be justified in enlarging the scope of the statute, under the guise of interpreting its actual scope.

The order of the court below is affirmed.