644

## Malone et ux. v. Union Paving Company et al.

C. W. Brown, for plaintiffs.

Charles S. Wesley, for Union Paving Company, defendant.

David I. Scanlon, for Philadelphia Rapid Transit Company, additional defendant.

FERGUSON, P. J., March 30, 1932.—Plaintiff, a pedestrian, alleges that she stepped on a tie of a temporary cross-over at the footway crossing of Columbia Avenue and Eleventh Street, on August 18, 1927. She fell because the tie tilted, and sustained personal injuries. She brought suit against the City of Philadelphia and Union Paving Company, alleging that the paving company had been engaged in the performance of work of excavation and repairing streets at the point of the accident, and was responsible for the defective condition of the cross-over, and that the City of Philadelphia was bound to maintain its streets in a reasonably safe condition for the use of pedestrians, and not having done so was primarily liable to the plaintiff. After suit was brought the City of Philadelphia issued a sci. fa. under the Act of April 10, 1929, P. L. 479, bringing the Philadelphia Rapid Transit Company upon the record as an additional defendant, alleging that the transit company owned, controlled and had the right of possession of the rails of the trolley tracks at the point of the accident and was engaged in replacing the rails of the trolley tracks and constructed the temporary cross-over on which plaintiff was injured.

On January 23, 1932, Union Paving Company, one of the original defendants, issued a sci. fa. to bring in the transit company as an additional defendant, alleging that the transit company is alone liable to the plaintiff for the whole of any amount which may be recovered. The transit company has filed a motion to quash the sci. fa.

It will be noted that the accident took place on August 18, 1927. The sci. fa. now under consideration alleges that the Philadelphia Rapid Transit Company is alone liable to the plaintiff. It does not allege a liability over. The sci. fa. issued nearly four and a half years after the accident. Had the plaintiff desired to bring an action against the transit company on the ground that it was liable for this accident, it could not successfully maintain the action if the writ issued four and a half years after the accident. The statute of limitations would be a bar.

In support of the motion to quash, it is contended that in Vinnacombe v. City of Philadelphia, 297 Pa. 564, the Supreme Court said that there is nothing in the Act of 1929 to suggest an implied repeal of the statute of limitations and that, by reason of the running of the statute, the defendant cannot do what the plaintiff could not do. It is contended on behalf of Union Paving Company, however, that the plea of the statute of limitations, being an affirmative defense, cannot be raised by demurrer and a rule to quash must be regarded as a

demurrer. In our opinion, the contention is not sound. In effect, the sci. fa. introduces a new cause of action in the plaintiff, and this cannot be done after the running of the statute. A cause of action is a right belonging to the plaintiff for some wrongful act or omission on the part of the defendant by which the right of plaintiff has been violated. It involves more than a fact. It involves a person as well.

For this reason the sci. fa. is bad.

It is bad for another reason. The transit company is already a party defendant and cannot be made an additional party defendant: Shapiro v. City of Philadelphia et al., 306 Pa. 216. The transit company was brought in by sci. fa. at the instance of the City of Philadelphia. The writ now under consideration alleges that the transit company is alone liable. The first sci. fa. alleged that the transit company was liable over to the City of Philadelphia. The present sci. fa. alleges that the transit company is solely liable to the plaintiff. The Act of 1931 provides that a sci. fa. may issue as of course to bring in an additional party alleged to be alone liable or liable over or jointly or severally liable with the original defendant. It then provides:

"Where it shall appear that an added defendant is liable to the plaintiff, either alone or jointly with any other defendant, the plaintiff may have verdict and judgment or other relief against such additional defendant, to the same extent as if such defendant had been duly summoned by the plaintiff, and the statement of claim had been amended to include such defendant, and as if he had replied thereto, denying all liability."

Prior to the passage of the Act of 1929, when suit was brought against two defendants the jury could bring in a verdict against the defendants jointly or against either of them. In this case, the transit company having been made an additional defendant at the instance of the City of Philadelphia, the same result could follow. We are of opinion, therefore, that the Shapiro case controls the present motion. In that case the transit company was an original defendant with the City of Philadelphia. The latter issued a sci. fa. to bring in the transit company because it was liable over, although the writ alleged no contract or relationship as a basis for such liability, but rather exhibited facts tending to show a sole liability to the plaintiff. The Supreme Court held that once a defendant, the transit company could not be made an additional defendant.

We are not obliged here to decide whether or not a different conclusion would be required if the writ had alleged a liability over.

The rule must be made absolute.