## Richardson et ux. v. Charleroi Borough et al.

*Lawrence B. Cook* and *Vernon Hazzard*, for plaintiffs.
*David M. McCloskey* and *Roy I. Carson*, for defendant.
*August L. W. Sismondo*, for additional defendants.

BROWNSON, P. J., February 4, 1933.—The plaintiffs sued the defendant borough in trespass for negligence. The borough, averring that Domenica Grossi, Domenica Porretta, and Harry Craig "are liable over to the said Borough of Charleroi for the cause of action declared on" by the plaintiffs, sued out a writ of sci. fa. to bring in as additional defendants the three persons aforesaid, under the Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663. Domenica Grossi has moved to quash this writ for the reason that the borough has not served upon the additional defendants any pleading setting out the facts upon which it is claimed that liability over to the borough has arisen.

The statute does not require the writ to contain or be accompanied by a detailed statement (similar to a statement of claim) setting forth fully the alleged facts upon which the liability over to the original defendant rests, and we therefore do not think the fact that such a statement was not served with the writ is a reason for quashing the latter. As was said in First National Bank of Pittsburgh v. Baird, 300 Pa. 92, 97, 101, and Shapiro v. Philadelphia et al., 306 Pa. 216, the procedure to be followed for the purpose of bringing to adjudication the liability of the additional defendants brought upon the record by the original defendant has been left to be worked out by the judiciary. In a case like the present, wherein the original defendant is claiming that additional defendants are "liable over" to it, an appropriate procedure would be that the

alleged facts giving rise to such liability over should be averred by the original defendant in a pleading in the nature of or analogous to a statement of claim, and that this be replied to by the additional defendants, thus raising upon the record a definite issue for trial. This course will tend to simplify the trial of the case and the handling of it by the court. We think also that under its rule-making power the court can, by either general or special rule, direct the filing and service of such pleadings. We shall accordingly make a special rule for this case to that effect and thus enable the additional defendants to obtain the benefit they are seeking—that of knowing beforehand what will be the precise issues of fact to be tried in connection with this branch of the case.

### Order

And now, February 4, 1933, the rule to quash the writ of sci. fa. is discharged; but it is further ordered and directed that within 15 days from this date the Borough of Charleroi, original defendant, shall file and serve upon the additional defendants or their counsel of record a pleading in the same general form as that of a statement of claim, setting forth fully and concisely the facts upon which it bases its claim that said additional defendants are liable over to it for the cause of action declared on by the plaintiffs in this suit, in the event of a recovery by said plaintiffs; and that within 15 days after such service said additional defendants shall file and serve upon the original defendant or its counsel of record a reply in a form similar to that of an affidavit of defense, stating what facts, so as aforesaid averred, are by them denied and disputed; these pleadings to define the issue to be tried as between the original defendant and the additional defendants.

From Harry D. Hamilton, Washington, Pa.