## Jones et al. v. Wohlgemuth et al.

*C. A. Sowers* and *Victor Frey*, for plaintiffs.

*Layton M. Schoch* and *McClain & McDevitt*, for defendants.

KUN, J., July 17, 1933.—This is an action in trespass brought by a father and mother as next friends of their minor child and by the father and mother

in their own right. The defendants, by sci. fa. proceedings, seek to have the plaintiff parents named as additional defendants, based upon a release given the defendants by the parents of any claims they might have against the defendants by reason of the injury sustained by the minor child, and an additional agreement by the parents as follows:

"We further agree to save the said Samuel Wohlgemuth [one of the defendants] harmless from any cause or action [sic] on the part of our minor son after he reached [sic] legal age."

The plaintiff parents, who have been named as additional defendants, have filed a motion to strike off the writ of sci. fa.

It is our view that the Sci. Fa. Act of April 10, 1929, P. L. 479, does not contemplate naming as additional defendants parties who are already on the record as plaintiffs, at least in such circumstances as the parent plaintiffs are in this case. It is to be noted that the parent plaintiffs are suing not only as next friends of their minor child, but in their own right as well. The release, so far as their interests are concerned, is a matter of defense; so far as their attempted release of their minor son's rights goes, it is ineffective: Raines v. Fitzgerald, 108 Pa. Superior Ct. 290. Moreover, there are two defendants, and the release is to only one of them. This likewise applies to the alleged agreement of indemnity.

We place our conclusion, however, on a broader ground. It is quite true, as stated by Mr. Justice Simpson in Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564, 569, in referring to the Sci. Fa. Act, that it is ". . . a remedial one. Its purpose is to avoid a multiplicity of suits; to compel every interested person to appear and defend the action by plaintiff; and to save the original defendant from possible harm resulting from loss of evidence, as might result if compelled to await the end of the suit before proceeding against those who were primarily liable in whole or in part. Hence, the statute is to be liberally construed to advance the legislative purpose".

As noted, the real object of the legislation is to save the original defendant from possible harm resulting from loss of evidence, which might result if they were compelled to wait the end of the suit before proceedings against those who are primarily liable in whole or in part. This can have no application, however, to a liability on an agreement of indemnity entered into after the accrual of the original cause of action. The evidence in the primary case would have nothing whatever to do with such a liability. The liability under the agreement of indemnity would follow as a matter of course the liability established in the primary suit.

It was decided in Shapiro v. Philadelphia et al., 306 Pa. 216, that the words "additional defendant" as used in the Sci. Fa. Act of April 10, 1929, P. L. 479, mean a third party. As stated in the opinion (page 219): "The manifest purpose of the act is to enable defendants who have been sued, to bring upon the record as 'additional defendants' those not already there, who are alleged to be liable to those who are . . ." While the party sought to be added as an additional defendant in that case was one of the defendants, we do not understand the case was decided on that distinctive point. We are of the opinion that the same principle applies where it is sought to name the plaintiff an "additional defendant." The plaintiff already on the record as such could no more be regarded as a "third party" who might be brought in as an additional defendant than a defendant already named could be named such a "third party," as decided in the case cited.

As pointed out in the Shapiro case, the court always has power to control the procedure and consequences in any case so as to attain justice. We are of

202

the opinion, however, that the parent plaintiffs in this case may not be named as additional defendants in the same case.

The rule to strike off the sci. fa., making Maggie Jones and Charles Jones additional defendants, is made absolute, and their names are stricken off as additional defendants.