## Fishbein v. Carborundum Company et al.

*Frank K. Willmann, Frank R. Sack,* and *Meyer & Nunnink,* for plaintiff.

*Dalzell, Dalzell, McFall & Pringle,* and *Dickie, Robinson & McCanney,* for defendants.

ELDER W. MARSHALL, J., January 23, 1934.—This suit is the aftermath of a collision between two automobiles, one driven by plaintiff and the other by Rohaly, an employe of Carborundum Company. Plaintiff sued Carborundum Company, charging negligence on the part of its servant, Rohaly. Carborundum Company then brought Rohaly into the case as an additional defendant, claiming he was liable over to it. Thereupon, Rohaly filed a counterclaim against the plaintiff, wherein he alleged the accident had resulted from plaintiff's negligence and demanded damages for his own injuries. Plaintiff has moved to strike the counterclaim from the record, and the question for determination is whether an additional defendant alleged to be liable over to the original defendant can, in the same suit, assert against the plaintiff a cause of action arising from the same circumstances relied upon by the plaintiff. In view of the present statutory trend toward consolidation of actions, the question is comparatively simple; clearly, the additional defendant is not required to present his claim in a separate suit.

The Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663, provides:

"Where it shall appear that an added defendant is liable to the plaintiff, either alone or jointly with any other defendant, the plaintiff may have verdict and judgment . . . against such additional defendant to the same extent as if such other defendant had been duly summoned by the plaintiff", etc.

The allegations of plaintiff's declaration are such that he can recover against Carborundum Company only by showing that the latter's servant, Rohaly, was negligent. But since such showing will necessarily establish a several liability on the part of Carborundum Company and Rohaly, the case falls within the express language of the statute before quoted, and plaintiff's recovery, if any, will properly be had against both defendants: Williams v. Kozlowski et al., 313 Pa. 219.

Section 13 of the Practice Act of May 14, 1915, P. L. 483, as amended by the Act of April 4, 1929, P. L. 140, provides that the defendant in any action of trespass, "may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of

the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action". The right thus given is not limited to original defendants; it enures equally to additional defendants, and hence Rohaly's counterclaim is properly on the record.

The various statutes before mentioned were aimed at preventing multiplicity of suits, and are to be liberally construed: Shapiro v. Philadelphia et al., 306 Pa. 216. Accordingly, our conclusion on the present question is justified, not only by the express provisions of the enactments but by their spirit and intendment as well.