## Cirelli v. Good Distributors Inc. et al.

*Oliver C. Riethmuller,* for petitioner; *Ashbridge Sharpless,* contra.

Kun, J., May 7, 1934.—Plaintiff filed suit against both the defendants in trespass, charging negligence in the State of Pennsylvania on the part of both. Defendant Good Distributors Inc., a corporation, was duly served by the sheriff. As to the other defendant, Harold Senger, a nonresident of Pennsylvania, the sheriff was directed to make a return of nihil habet. The defendant Good Distributors Inc. thereupon issued a writ of sci. fa. to join Senger as an additional defendant, which writ the Sheriff of Dauphin County was deputized to serve on the Secretary of Revenue at Harrisburg, who in turn notified the additional defendant Senger at Smyrna, Del., by registered mail, of such service, as provided by law. The additional defendant Senger has appeared de bene esse and obtained a rule on the defendant Good Distributors Inc. to show cause why the sci. fa. directed to him should not be quashed.

The petition to quash raises two substantial questions: First, whether Senger, named as original defendant though not served, could be brought in as an additional defendant, and, secondly, whether a nonresident named as an additional defendant may be served as a nonresident original defendant by serving the Secretary of Revenue.

It is unquestionably the law that a defendant already on the record cannot be brought in by sci. fa. as an additional defendant, as was held in Shapiro v. Philadelphia et al., 306 Pa. 216. The question is what the term "already on the record" means. It cannot mean one who has been merely named as a party but never served, because if it were otherwise merely naming a person as a party defendant, whom the plaintiff's attorney directed the sheriff not to serve, or in the event that such defendant left the jurisdiction after issuance of the writ, would prevent the defendant who was served from bringing the other one in on sci. fa. proceedings. Obviously, this is not the law. What the term "already on the record" means in that connection is a party of whom the court already has jurisdiction. The court, however, has no jurisdiction over a person who has been merely named as a party. It acquires jurisdiction over him only if he has been served by process of the court. To deny a defendant the right to bring in by sci. fa. proceedings another person as an additional defendant merely because the other had been named a defendant in the writ but never served or

brought into court would be a denial of the very rights conferred by the sci. fa. acts.

In the case cited, in which the court refused to permit one of the defendants to bring in another as an additional defendant because the other was already on the record (that is to say, served and under the jurisdiction of the court), Mr. Justice Simpson discusses the suggestion that the plaintiff might discontinue action as against the defendant sought to be brought in as additional defendant, saying, at page 220:

"It is true that plaintiff may attempt to discontinue the action so far as concerns the transit company, but, if he does, it will be the duty of the court below, if moved thereto by the city, to do one of two things; either to strike off the discontinuance, or to give the city a sufficient time to issue a scire facias under the Act of [April 10] 1929, [P. L. 479,] supra, against the transit company, which will then be an 'additional defendant,' and to put the case at issue under that statute. This is required because otherwise the city will be deprived of its statutory right under the act."

The plaintiff in any action has control of the writ which he issues, but he cannot by any action on his part resulting in the non-service of certain defendants prevent those who are served from bringing in those not served, as additional defendants. Those not served are not "already on the record".

The next question is whether a nonresident may be brought in as an additional defendant by service on the Secretary of Revenue, as in the case of a nonresident defendant, permitted by the Act of May 14, 1929, P. L. 1721, as amended by the Act of April 24, 1931, P. L. 50. One is no less a defendant because he is named an additional defendant, and any service of process authorized on a defendant may be used to serve an additional defendant. By the amending Act of 1931, any nonresident who makes use of the highways of the Commonwealth for the operation of a motor vehicle thereby makes and constitutes the Secretary of Revenue of the Commonwealth an agent for the service of process in any civil suit instituted in the courts of the Commonwealth against such operator, arising out of any accident occurring in the Commonwealth in which his vehicle may have been involved. The contention of the additional defendant in the case before us amounts to this: If a plaintiff in this jurisdiction were injured by reason of the collision of a number of cars, one operated by A, a resident, and another by B, a nonresident, who after the collision continued on to his home in another State, and in the suit filed by the plaintiff A alone is named as defendant, he could not bring B in as an additional defendant by having the Secretary of Revenue served with the writ of sci. fa. directed to such nonresident additional defendant. We do not think that the statute can be so interpreted. It does not refer to defendants as distinguished from additional defendants, but the fact is that it makes no such reference whatever. The reference is to "any nonresident . . . operator" of a motor vehicle in this Commonwealth, and such person authorizes service of any writ against him on the Secretary of Revenue. If the person named comes within the description provided in the statute, it is entirely immaterial, it seems to us, whether he is named in the proceeding as an original defendant or as an additional defendant.

The additional defendant points to the sci. fa. act of April 10, 1929, P. L. 479, as amended by the Act of May 18, 1933, P. L. 807, in support of the contention that additional defendants can be served only in some county of the Commonwealth, from which it would follow, if that contention were sustained, that only residents of the Commonwealth can be brought in as additional defendants, and nonresidents of the Commonwealth cannot be brought in as additional defendants. The additional defendant overlooks the fact that section 1 of the

act, providing for service in other counties, adds that where service of the writ of an added defendant cannot be obtained in the county wherein the action was instituted service of such writ may be made by the sheriff of the county in which the action was instituted deputizing the sheriff of the county wherein such added defendant resides "or where service may be had upon him under the existing laws of this Commonwealth", and, as we have pointed out, service on a nonresident who has made use of our highways for the operation of a motor vehicle may be made by serving the original writ or, as we hold, the sci. fa. to bring him in as an additional defendant by deputizing the Sheriff of Dauphin County to make such service on the Secretary of Revenue, who thereupon notifies such defendant or additional defendant by registered mail of the fact of such service.

The rule to show cause why the writ of sci. fa. to join Harold Senger as an additional defendant should not be quashed was properly discharged.