## Vogel v. Pittsburgh Railways Company et al.

*Ben Paul Brasley* and *Morris B. Greenberg,* for plaintiff.

*Joseph R. McNary, James R. Orr,* and *Dalzell, McFall & Pringle,* for defendants.

ELLENBOGEN, J., August 5, 1938.—This case comes before us on a motion filed by the Pittsburgh Railways Company to strike from the record a writ of scire facias sued out by the Greenwald Auto Company, for the purpose of bringing the Pittsburgh Railways Company upon the record as an additional defendant.

John R. Vogel, plaintiff herein, was a passenger on a street car owned and operated by the Pittsburgh Railways Company. He alighted from the street car and was struck by a truck owned by the Greenwald Auto Company. Plaintiff filed suit against both the Pittsburgh Railways Company and the Greenwald Auto Company.

The case was tried before the Honorable Judge Nelson and a jury. At the close of plaintiff's case, counsel for the Pittsburgh Railways Company made the following motion:

"Mr. Orr: If the court please, counsel for defendant, Pittsburgh Railways Company, moves for a compulsory nonsuit as to it for two reasons, first because plaintiff has not made out a case of negligence against defendant, Pittsburgh Railways Company, and second because plaintiff has not made out a case free from contributory negligence."

The attorney representing the Greenwald Auto Company opposed the granting of the nonsuit, as follows:

"Mr. Dalzell: If the court please, defendant, Greenwald Auto Company, objects to the granting of the Pittsburgh Railways Company's motion for a nonsuit on the ground of lack of evidence of negligence at this time, and insofar as the motion for a nonsuit is based upon the ground of a failure to make out a case free from contributory negligence, the Greenwald Auto Company joins."

The trial judge granted the motion for compulsory nonsuit made by the Pittsburgh Railways Company and refused the motion for compulsory nonsuit made by the Greenwald Auto Company on the ground of contributory negligence of plaintiff. The Greenwald Auto Company, defendant, then proceeded to present its evidence. The testimony of both parties to the case was closed and the attorney representing the Greenwald Auto Company as well as plaintiff's attorney addressed the jury and closed on behalf of their respective clients. A noon recess was then taken. Upon reconvening of court, counsel for the Greenwald Auto Company moved for the withdrawal of

a juror and the continuance of the case, in order to enable the Greenwald Auto Company to issue a writ of scire facias to bring the Pittsburgh Railways Company on the record as an additional defendant. That motion was granted by the court, a juror was withdrawn, and the case was continued.

This suit as originally instituted was filed against both the Pittsburgh Railways Company and the Greenwald Auto Company. Both these corporations therefore are original defendants. In spite of the fact that it is already on the record as an original defendant, counsel for the Greenwald Auto Company now seeks to bring the Pittsburgh Railways Company on record as an additional defendant. The fact that a nonsuit in favor of the Pittsburgh Railways Company has been granted does not change the fact that that company was an original defendant in this action.

It is clear that before the case went to trial the Greenwald Auto Company could not have sued out a writ of scire facias to add the Pittsburgh Railways Company as an additional defendant, because it was already listed as an original defendant. The compulsory nonsuit did not change the rights of the parties. If it was improvidently or improperly entered, it can be taken off, but it does not give a right to a writ of scire facias where none existed before.

To permit the issuance of a writ of scire facias in a case like the one before us would be contrary to all the rules and principles of orderly procedure. Sound logic and sound procedure will not permit the bringing in of an additional defendant who is already an original defendant. Furthermore, the right to do so does not exist under the statute.

The Scire Facias Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663, under which the writ of scire facias was issued reads as follows:

"That any defendant . . . may sue out . . . a writ of scire facias to bring upon the record, as an additional de-

fendant, any other person alleged to be alone liable or liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, *with the same force and effect as if such other had been originally sued.*" (Italics supplied.)

Thus the act of assembly permits the bringing in of any other person as additional defendant, as if such other person had been originally sued. In the case before us the other person, to wit, the Greenwald Auto Company has been originally sued, and therefore could not be brought in "as if" it had been originally sued.

The proposition before us is clear and simple. We would not deem it necessary to deal with it at length, had it not been urged upon us with great earnestness by the eminent counsel for the Greenwald Auto Company. This opinion may also serve to further clarify proper procedure under the Scire Facias Act, supra.

The purposes of the Scire Facias Act of 1929, as amended by the Act of 1931, were: First, to avoid a multiplicity of suits by compelling every interested person to appear and defend the action of the plaintiff in the same trial; second, to avoid delay by compelling a defendant to wait final judgment against him before he could proceed by a separate action against the party primarily, jointly, or severally liable with him; and third, to protect the original defendant from possible harm, because of loss of evidence, of insolvency, or bankruptcy of the additional party due to the long delay in waiting for the principal suit to terminate in a final judgment.

To permit the issuance of a writ of scire facias in this case would not serve any of these purposes. In fact it would be contrary to these purposes by permitting the suing out of an unnecessary writ and by forcing delay. Such a procedure is contrary to the letter and to the spirit of the Acts of 1929 and 1931.

We call attention to the case of Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564, which discusses the procedure under the Act of 1929 at great length. It will not

be necessary to quote from it. In the case of First National Bank of Pittsburgh v. Baird, 300 Pa. 92, it is said at page 98 that:

"The act was not passed to hinder or delay a plaintiff, or to compel him to do impossible or useless things, but only to give defendant an immediate remedy as against 'any other person alleged to be liable over for the cause of action declared on, or jointly or severally liable therefor with him.' Before it was passed, a defendant could only notify the third party, wholly or partially liable to him, to appear and defend, but could not proceed against that third party until the principal suit was decided. This delay might be disastrous; might result, when the new suit came to be tried, in inability to prove the notice to appear and defend, or might find the primary debtor beyond the reach of process, or dead or bankrupt. This being the intent of the statute, it must be construed to accomplish that purpose and not some other, argued for by antagonistic counsel, but not expressed or even hinted at in the act itself."

In the case of Shapiro v. Philadelphia et al., 306 Pa. 216, which was an action against the City of Philadelphia and the Philadelphia Rapid Transit Company, the City of Philadelphia issued a writ of scire facias under the Scire Facias Act of 1929, to bring the transit company upon the record as an additional defendant. The court below quashed the writ "because it could not understand how one who was already a defendant could be an 'additional defendant.'" It was there said that:

"The manifest purpose of the act is to enable defendants who have been sued, to bring upon the record as 'additional defendants' those not already there, who are alleged to be liable to those who are; the procedure in establishing this liability is not specified in the statute, but is wisely left to be worked out by the judiciary. In doing this, however, we cannot so extend the language of the act as to make one an 'additional defendant,' who is not and cannot be 'additional' to the defendants already

there. As the only complaint made against the court below is that it refused to permit this impossible thing, we must, of course, affirm its order."

We are all of the opinion that the writ of scire facias cannot be issued in this case and we will order it to be quashed. The motion of the Pittsburgh Railways Company was to strike from the record the writ of scire facias. We will treat this motion to strike off as a motion to quash.

The situation in the case before us is a peculiar one, and is due to the fact that a nonsuit was entered before the evidence of all parties to this suit had been presented. If, at the close of plaintiff's case, when the motion for the nonsuit was made, counsel for the Greenwald Auto Company had informed the trial judge that it possessed and intended to offer evidence which would connect the Pittsburgh Railways Company with the accident, the trial judge would have deferred action upon the motion for nonsuit until all the evidence had been in and both defendants had rested their case.

There is no legal right to a nonsuit after plaintiff has rested his case. Where there is more than one party defendant in an action for negligence, it would appear to be better practice not to enter a nonsuit at the end of plaintiff's case in favor of any of the defendants, but to await the introduction of the whole testimony of all parties to the suit. If, at that time, there is no evidence against one or more of the defendants making him legally liable, his rights can be protected by granting a motion for binding instructions in his favor or by sustaining a motion for judgment non obstante veredicto, if the evidence is not sufficient to sustain a verdict against him and if he has moved for binding instructions in his favor after the close of the evidence of all the parties: Shapiro v. Philadelphia et al., supra.

In making a final disposition of this case, this court will be guided by equitable principles. A new trial must, at any rate, be had. If, as the writ of scire facias alleges,

the Pittsburgh Railways Company is liable for the injuries sustained by plaintiff, it can and will be restored as a party defendant by taking off the compulsory nonsuit before the new trial is had.

In order to aid the learned counsel for the Greenwald Auto Company in determining whether a motion to take off the compulsory nonsuit should be filed nunc pro tunc, we will point out the considerations which will guide us in disposing of such a motion. The motion to strike off, filed by the Pittsburgh Railways Company, alleges that no evidence was presented in the whole case, which makes the Pittsburgh Railways Company liable. If that is the case, it would be useless to take off the nonsuit and permit another trial against the Pittsburgh Railways Company, when it is clear that binding instructions would have to be granted in its favor, or that a proper motion for judgment non obstante veredicto in its favor would have to be sustained. The question, whether the record as made and the evidence as presented by all the parties is sufficient to hold the Pittsburgh Railways Company, is not now before us; it will be passed upon, if and when a motion to take off the compulsory nonsuit has been filed. In that case, we will grant such a motion, if there is legal evidence in the whole case which would permit a jury to find a verdict against the Pittsburgh Railways Company; otherwise such a motion will be refused.

The right of plaintiff to proceed with a new trial is necessarily delayed by the necessity to pass upon the questions raised before us. In order to prevent harm to plaintiff, we will enter an order advancing the new trial of this case, upon proper application of plaintiff.

We have consulted the Honorable Judge Nelson, the trial judge in this case, and we have been authorized by him to state that this opinion and this disposition of the case meets with his entire approval.

The writ of scire facias will be quashed. If counsel for the Greenwald Auto Company will file a motion to take off the compulsory nonsuit, entered in favor of the

Pittsburgh Railways Company, that motion will be accepted by the court nunc pro tunc, and will be disposed of by a court in banc, consisting of the present judge and Judge Nelson.

### Order

And now, to wit August 5, 1938, after argument and upon consideration, the writ of scire facias heretofore filed in the above-entitled case is hereby ordered to be quashed; it is further ordered that the Greenwald Auto Company have 15 days from the date of this order to file a motion to take off the compulsory nonsuit entered in favor of the Pittsburgh Railways Company, which motion will, if presented, be ordered filed nunc pro tunc.