Carroll et ux. *v.* Quaker City Cabs, Inc., Appellant, et al.

Argued May 9, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Chester N. Farr, Jr.*, with him *Bernard J. O'Connell*, for the Quaker City Cabs, Inc.—A rule of. court is in-

valid if contrary to the statutory law: Reist v. Heil-brenner, 11 S. & R. 131; Equipment Corp. of America v. Vanadium Co., 285 Pa. 432; Chester Traction Co. v. R. R., 180 Pa. 432; Kelly v. Penna. Co., 253 Pa. 553; Smith v. Wertheimer, 76 Pa. Superior Ct. 210.

The fifteen-day limitation of the rule is a nullification of the statute of limitations, and hence invalid: Vinnacombe v. Am. Stores Co., 297 Pa. 564; Orth v. Gas Co., 280 Pa. 118; Eddystone Boro. S. District v. Lewis, 101 Pa. Superior Ct. 583.

*Richard A. Smith,* with him *Louis Wagner* and *Thomas J. Clary,* for appellee and additional defendant, Philadelphia Steam Heating Company.—The Act of 1929, P. L. 479 known as the Sci. Fa. Act is exclusively procedural in its nature, neither creating a new substantive right nor destroying one existing: Vinnacombe v. Phila. & Am. Stores Co., 297 Pa. 564; First Nat. Bank of Pittsburgh v. Baird, 300 Pa. 92; Shapiro v. Phila., 306 Pa. 216.

The following are examples of rules that were attacked upon the ground that they abridged a right given by statute but were sustained by this court as being a reasonable regulation of the rule, in that they affected merely the procedure or the regulation of the court's business and did not affect a substantive right of one of the parties: Selmer v. Smith, 285 Pa. 67; Waring v. R. R., 176 Pa. 172; Vanetta v. Anderson, 3 Binney 417; Barry v. Randolph, 3 Binney 276; Snyder v. Bauchman, 8 S. & R. 336; Mylin's Est., 7 Watts 64; Harres v. Com., 35 Pa. 416; Lehman v. Howley, 95 Pa. 295; Gannon v. Fritz, 79 Pa. 303; Haines v. Stauffer, 13 Pa. 540; Flisher v. Allen, 141 Pa. 525; Little Britain Twp. Road, 27 Pa. 69; Towamencin Road, 10 Pa. 195; McCandless Twp., 110 Pa. 605; Easton Power Co. v. Rwy. Supply Co., 22 Pa. Superior Ct. 538.

*Israel K. Levy* and *John J. K. Caskie,* Assistant City Solicitors and *David J. Smyth,* City Solicitor for City of Philadelphia, amicus curiæ.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 30, 1932:

Appellant is defendant in an action of trespass to recover damages for injuries received by plaintiffs while passengers in one of the cabs of defendant company. The statement of claim, together with notice to file an affidavit of defense, was filed July 28, 1930. In accordance with the provisions of the Act of April 10, 1929, P. L. 479, defendant, on February 2, 1932, caused a writ of scire facias to issue to bring the City of Philadelphia and the Philadelphia Steam Heating Company upon the record as additional defendants. By rule No. 226-d of the Court of Common Pleas of Philadelphia County (adopted December 4, 1931), a scire facias to bring in an additional defendant must issue within fifteen days, now amended to thirty, after service of the statement of claim. On motion of the Philadelphia Steam Heating Company, additional defendant, a rule to show cause why the scire facias should not be stricken off was made absolute by reason of defendant's failure to comply with this rule of court. Defendant has appealed from this order. The City of Philadelphia, finding itself in an anomalous position, avers that although the action of the court below inures to its benefit in the present case, nevertheless in view of the large number of accident cases pending against the city, its position has been adversely affected by the present decision. It has accordingly presented a brief, as amicus curiæ, attacking the decision of the court below.

The sole question arising for determination at this time is the validity of the rule of court in question. The fundamental principle is well settled that "every court of record has an inherent power to make rules for the transaction of its business:" Barry v. Randolph, 3 Binney 276, 277; Snyder v. Bauchman, 8 S. & R. 336, 339.

"The only limitation of the power is that they [the rules] must not be contrary to law, nor unreasonable:" Flisher v. Allen, 141 Pa. 525, 527-8; Timney v. Timney, 21 Pa. Superior Ct. 538, 539. See also Equipment Corporation of America v. Primos Vanadium Co., 285 Pa. 432.

Appellant contends the rule in question in its present form is invalid because it is not only contrary to statute law, but is also unreasonable. It is argued that to require a writ of scire facias to bring in additional defendants to issue within thirty days of service of the statement of claim is an abridgment of a right conferred by the Act of 1929, supra, in that it deprives a defendant of the right to bring his action against an additional defendant within the period of time prescribed by the statute of limitations. We cannot agree with this. A mere failure to comply with the rule cannot affect a defendant's primary right to seek compensation or reimbursement from a third party, for whose act or default he has been held responsible. Nor can it prevent an action to recover the amount of the judgment where the relations between defendant and such third party are governed by contract so as to give rise to a claim for indemnification. The Act of 1929 was intended to expedite procedure by avoiding a multiplicity of suits, and it confers undoubted benefits upon defendants who pursue the remedy indicated therein; but it does not alter the rights which existed previous to its passage. Defendants who prefer to follow the old methods or who fail to avail themselves of the benefits of the act within a reasonably prompt time are not thereby prejudiced within the period of the statute of limitations. See Vinnacombe v. Philadelphia et al., 297 Pa. 564; First National Bank v. Baird, 300 Pa. 92.

One other question logically arises. Is a rule limiting the issuance of such writs of scire facias to thirty days after service of the statement of claim a reasonable regulation of the procedure prescribed by the act? We are

of opinion it is not, and that sixty days should be prescribed in such cases subject to extension by the court for cause shown. We are impelled to this decision by consideration of the delays which inevitably arise in the investigation of many suits before it can be clearly established that a liability over or a joint liability with the original defendant exists in a third party. This is particularly true in the case of municipalities and large corporations where the machinery of investigation is necessarily slow and cumbersome. A period of sixty days, however, should be adequate for the purpose and will preserve the benefits of the act to defendants who are unavoidably handicapped in ascertaining essential facts necessary to lay the foundation for issuance of the writ, and at the same time will not work substantial injury to plaintiff in the action.

In Vinnacombe v. Philadelphia, supra, we said at page 569, "Nothing in the act [here in question] shows the slightest intention to affect plaintiffs in such suits. Consequently, the adding of additional defendants will give no higher right to plaintiffs than they had before. As to them, the action proceeds against the original defendant only, exactly as it would have done if the additional defendants had not been named, except that the court below, in the exercise of a sound discretion, should give to the original defendant, who acts promptly, a reasonable extra time to bring the additional defendants upon the record, before being required to file an affidavit of defense or plea." We are of opinion, as indicated above, that sixty days, rather than thirty, is "a reasonable extra time" and that the rule of court in question is invalid in that it unreasonably limits the time for issuing a sci. fa.

It remains but to apply the result to the present case. The rule of court was adopted December 4, 1931. The præcipe and writ of scire facias issued on February 2, 1932. This was within the sixty day period which we deem reasonable and it follows that the order of the

court below making absolute the rule to strike off the scire facias must be reversed.

The order of the court below is reversed and the record remanded with directions to reinstate the writ as to the Philadelphia Steam Heating Company and the City of Philadelphia; the costs to await final determination of the action as between the original defendant and the additional defendants.