## Weinstock v. City of Philadelphia et al.

*Israel K. Levy* and *John J. K. Caskie,* assistant city solicitors, and *David J. Smyth,* city solicitor, for defendant.

*Clinton W. Frontz,* for additional defendant.

STERN, P. J., December 27, 1932.—The plaintiff has sued the City of Philadelphia to recover damages for personal injuries sustained by her on April 27, 1927, on the sidewalk of the property at the northwest corner of Tenth and Arch Streets. The city issued a writ of sci. fa. to join Morris Kaufman as an additional defendant, alleging that he is liable over to it for the cause of action declared on, because he was the owner in possession at the time of the alleged accident. A rule was taken to quash this writ of sci. fa.

The plaintiff's statement of claim was filed on June 9, 1927, and was served on the defendant on June 11, 1927. The præcipe for a writ of sci. fa. was filed on November 16, 1932, and a writ issued on the same day. In his petition for a rule to quash, the additional defendant alleges that the writ of sci. fa. was issued in violation of and contrary to the provisions of Rule 226 (d) of the Courts of Common Pleas of Philadelphia County, which provides:

"No such writ of sci. fa. shall issue at the instance of any defendant, unless the præcipe therefor be filed not more than sixty days after the service upon him of the statement of claim or any amendment thereof, if he be an original defendant, or of the writ of sci. fa., by which he was brought upon the record, or any amendment thereof, if he be an additional defendant.

"The time in which a writ may issue may be extended by the court on cause shown."

No valid writ of sci. fa. could have been issued within sixty days after the service of the statement of claim in this case, because the statute authorizing the same did not go into effect until September 1, 1929: Shaw *v.* Megargee, 307 Pa. 447, 452. The question, therefore, arises: What is the effect of this rule of court upon pending cases?

In the absence of a rule of court, writs of sci. fa. to join additional defendants on the theory of liability over can be issued at any time during the pendency of a case, as far as the additional defendant act is concerned. There is no lim-

itation of time in the Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663. This act provides that "any defendant, named in any action, may sue out, as of course, a writ of scire facias to bring upon the record, as an additional defendant, any other person alleged to be . . . liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, with the same force and effect as if such other had been originally sued." In Vinnacombe v. Philadelphia, 297 Pa. 564, 570, the court said: "Nor is the statute prospective only. It is procedural in its nature; hence 'it is applied, as of course, to litigation existing at the time of its passage.' . . ." There is no principle of law or other statutory enactment which modifies the act or in any way limits this right. In the instant case, the statute of limitations does not commence to run against the city and in favor of the abutting property owner from the date of the accident, but only from the date of the recovery of a judgment or the payment thereof: Ashley Borough v. Lehigh & Wilkes-Barre Coal Co., 232 Pa. 425, 431. See, also, City of Philadelphia v. Reading Co., 10 D. & C. 295, 298, which was affirmed by the Supreme Court, 295 Pa. 183.

It is also well settled that the courts of common pleas have the inherent power to make rules prescribing a time limit for the issuance of such writs, provided they are not contrary to law nor unreasonable: Carroll v. Quaker City Cabs, Inc., 308 Pa. 345, 348. See, also, Equipment Corp. of America v. Primos Vanadium Co., 285 Pa. 432. In Philadelphia County, the Courts of Common Pleas adopted their first Rule 226 (d) on December 4, 1931. It required a writ of sci. fa. to be issued within fifteen days (subsequently amended to thirty days) after service of the statement of claim. This rule was held to be invalid by our Supreme Court in Carroll v. Quaker City Cabs, Inc., supra, on the ground that the thirty-day period was inadequate and, therefore, an unreasonable regulation of the procedure prescribed by the act. Consequently, there was no rule of court; and there was no limitation of time for the issuance of such a writ.

On October 7, 1932, the Courts of Common Pleas of Philadelphia County adopted a new rule (quoted above), effective as of that date. Thereafter a defendant in a pending case was entitled to a reasonable time within which he might file his præcipe and issue a writ of sci. fa. We deem a sixty-day period such a reasonable time. The writ of sci. fa. in the present case was issued on November 16, 1932. This was within the sixty-day period, and, therefore, the writ was properly issued. The conclusion is merely the application of the principle of law that when a new statute of limitation becomes operative, "it must be held to have become effective on all causes of action from the date of enactment, giving to causes already accrued the full period fixed by the act . . . , provided, however, they were not barred in less time by the . . . statute of limitation in effect at the time the cause accrued:" Phila., Balt. & Washington R. R. Co., etc., v. Quaker City Flour Mills Co., 282 Pa. 362, 368.

Counsel for the additional defendant contends that this sixty-day period should be computed from June 30, 1932—the date of the decision in the case of Carroll v. Quaker City Cabs, Inc., supra. This contention is without merit. In its opinion, the Supreme Court did not amend the old Rule 226 (d) of the Courts of Common Pleas of Philadelphia County. The suggestion is made that "sixty days should be prescribed in such cases subject to extension by the court for cause shown" (page 350). The matter was left to the discretion of the court of common pleas of each county. A longer period of time could properly have been prescribed.

Accordingly, the rule to quash the writ of sci. fa. is discharged.