## Yuhase v. Loughrey et al.

Ben H. Richman and A. Kirk Wrenshall, for plaintiff.
Marriner & Wiley, for defendants.

HUGHES, J., July 1, 1933.—Andrew Gulyban, Jr., has filed a motion to strike off or quash the sci. fa. issued by the defendant Andrew Ernes under the Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663, bringing upon the record as a party defendant Andrew Gulyban, Jr. Under the statement of claim filed by the plaintiff, it appears that the plaintiff was injured as a result of three automobiles colliding. The drivers of these automobiles were Leslie D. Loughrey and Andrew Ernes, the defendants named in the statement of claim, and Andrew Gulyban, Jr., who is brought in as a party defendant by the sci. fa. In the affidavit to the sci. fa., the defendant Andrew Ernes states: "That the said injuries complained of were the result of the joint negligence of Leslie D. Loughrey and Andrew Gulyban, Jr., and the said Leslie D. Loughrey and Andrew Gulyban, Jr., are liable to said Andrew Ernes for the injuries he sustained, as well as to the plaintiff herein". It was the intention of the act of assembly to cover such a case as

the one in question, and Andrew Gulyban, Jr., can properly be made a party defendant under the act.

However, we believe that good practice and equitable principles would require that the party brought in by sci. fa. should be fully informed by a proper pleading of the character of liability with which he stands charged. He should be informed wherein he was negligent and as to the character of the resulting damage or injuries against which he may be called upon to defend. The party issuing the sci. fa., at the time of securing service of the writ, should serve upon the party against whom the sci. fa. is issued, a clear and concise pleading informing him of the nature of the case as fully and completely as if he had been an original party to the suit. To require this is within the rights of the court and is a reasonable practice to follow for the more expeditious trial of the case: Carroll et ux. v. Quaker City Cabs, Inc., et al., 308 Pa. 345.

And now, July 1, 1933, the motion of Andrew Gulyban, Jr., to quash the writ of sci. fa. is refused, provided the defendant Andrew Ernes serves upon the said Andrew Gulyban, Jr., within 30 days from the date hereof, a pleading such as is indicated in the foregoing opinion.

From Harry D. Hamilton, Washington, Pa.