## Blitstein v. Chapman et al.

*P. K. Shaner* and *Paul M. Robinson,* for plaintiff.
*Smith, Best & Horn,* for original defendant.
*Abner E. Henry,* for additional defendant.

WHITTEN, J., July 2, 1934.—On October 17, 1933, Leah Blitstein, the plaintiff, instituted an action of trespass against E. T. Chapman to recover damages for personal injuries which the plaintiff alleges were caused by negligence on the part of the defendant on June 1, 1932.

Counsel for defendant entered an appearance on October 30, 1933.

On November 8, 1933, the plaintiff issued a præcipe directing that the cause be placed at issue for trial by court and jury.

On February 16, 1934, defendant filed a præcipe for a writ of sci. fa. to bring in Leonard Locher as an additional defendant, alleging that the said additional defendant was alone liable, jointly liable or severally liable for the alleged injuries to the plaintiff.

On March 12th, Abner E. Henry, Esq., entered his appearance for Leonard Locher.

On March 12th, the plaintiff, Leah Blitstein, presented a petition to the court and obtained a rule to show cause why the writ of sci. fa. to bring in Leonard Locher should not be stricken from the record.

On March 12th, Leonard Locher presented a petition to the court and obtained a rule to show cause why the said writ of sci. fa. to bring in Leonard Locher as an additional defendant should not be stricken from the record.

On April 23d, the defendant, E. T. Chapman, filed an answer to the petition of Leonard Locher to strike off the said sci. fa. as to Leonard Locher as an additional defendant.

In her petition to strike off the said writ of sci. fa., the plaintiff, Leah Blitstein, alleged that the said writ should be stricken from the record because: (1) The said writ of sci. fa. against Leonard Locher was not issued until practically 4 months after the commencement of the suit against E. T. Chapman; and (2) the said writ of sci. fa. issued at the instance of E. T. Chapman, the defendant,

is defective in that it fails to show a good cause of action against Leonard Locher, the defendant sought to be made a party defendant.

1. Counsel for the plaintiff and counsel for the additional defendant, citing Carroll et ux. v. Quaker City Cabs, Inc., et al., 308 Pa. 345; Vinnacombe et ux. v. Philadelphia, 297 Pa. 564; and First National Bank of Pittsburgh v. Baird, 300 Pa. 92, contend that the said writ of sci. fa. should be stricken from the record because of unreasonable delay in issuing the same.

In Carroll et ux. v. Quaker City Cabs, Inc., et al., supra, the Supreme Court held that a rule of court limiting the issuance of such writ of sci. fa. to 30 days after service of the plaintiff's statement of claim, is not a reasonable regulation of the procedure prescribed by the Act of April 10, 1929, P. L. 479; and suggested that a rule of court should be adopted prescribing a limit of 60 days for the issuance of such writs, "subject to extensions for cause shown".

However, no limitation of time in which such writ of sci. fa. may issue, has been prescribed by the rules of court in the County of Westmoreland.

Moreover, this case was not on the list of cases for trial during the February term, 1934. No session of civil court for the trial of cases by jury has been held since February term, 1934.

Therefore the petitioner (the plaintiff) has suffered no injury or damage by reason of the delay in the issuance of the said writ of sci. fa., nor have any rights of the petitioner been affected by lapse of time between the institution of the plaintiff's suit and the issuance of the said writ.

2. The petitioner also contends that the said writ constitutes a *pleading* and must set forth a good cause of action, and that the defendant has not set forth a good cause of action.

The præcipe filed by the defendant for the issuing of

the said writ is as follows: "Issue writ of scire facias in accordance with the provisions of the Act of April 10, 1929, P. L. 479, as amended by the Act approved June 22, 1931, P. L. 663, to bring upon the record as additional defendant Leonard Locher, whom the defendant, E. T. Chapman, alleges is alone or jointly or severally liable with him for the action declared upon in the above case for the amount of damage which may be recovered therein for the reason that the damage of which the plaintiff, Leah Blitstein, complains was the result of the negligent operation of the motor vehicle in which she was riding by the said Leonard Locher and was not occasioned by any negligent act of the said E. T. Chapman; said writ to be returnable to the 1st Monday of March, 1934."

"The writ of *scire facias* operates not only as a method of bringing a party into court, but, in addition, becomes a pleading and must, therefore, state a good cause of action": Nunamaker, et al., for use, v. Finnegan, 110 Pa. Superior Ct. 404.

"While the Act of April 10, 1929, P. L. 479, as amended, does not require a writ of sci. fa. to join an additional defendant to contain or be accompanied by any statement of the facts upon which the alleged liability over to the original defendant rests, a court may under its rule-making power require the original defendant to file and serve a pleading analogous to a statement of claim, setting forth such facts fully and concisely, and may further require the additional defendant to file and serve an answer thereto in the nature of an affidavit of defense, in order that the issues between the original defendant and the additional defendant may be clearly defined": Richardson et ux. v. Charleroi Borough et al., 19 D. & C. 248.

"A defendant, upon issuing a writ of sci. fa. under the Act of April 10, 1929, P. L. 479, as amended, to bring a third person on the record as an additional party defend-

ant, should inform him clearly and fully, by a pleading accompanying the writ, of the nature of the case, the wrong of which he is alleged to have been guilty, and the character of the resulting damages": Yuhase v. Loughrey et al., 19 D. & C. 620.

In Yuhase v. Loughrey et al., supra, the court said: "The party issuing the sci. fa., at the time of securing service of the writ, should serve upon the party against whom the sci. fa. is issued, a clear and concise pleading informing him of the nature of the case as fully and completely as if he had been an original party to the suit. To require this is within the rights of the court and is a reasonable practice to follow for the more expeditious trial of the case: Carroll et ux. v. Quaker City Cabs, Inc., et al., 308 Pa. 345."

### Decree

And now, July 2, 1934, the motion by the plaintiff, and the motion by the additional defendant to quash the writ of sci. fa. refused. The defendant, E. T. Chapman, shall serve upon the said Leonard Locher and upon the plaintiff, Leah Blitstein, within 30 days from this date a pleading such as indicated in the foregoing opinion.