## Merkel et ux. v. Ruth

*Larzelere & Wright*, for plaintiff; *T. Lane Bean*, for defendant.
*Larzelere & Wright*, for additional defendant.

KNIGHT, P. J., October 22, 1934.—This suit was started on December 6, 1933, on which day the statement of claim was filed. The affidavit of defense and counterclaim was filed on December 27, 1933, and the præcipe for the writ of sci. fa. to join the additional defendant bears the filing date of September 14, 1934. The additional defendant, having entered an appearance de bene esse, now moves to set aside the sci. fa. on the ground that it was filed too late.

The Act of April 10, 1929, P. L. 479, as amended by the Act of May 18, 1933, P. L. 807, provides that a defendant may join, as additional defendants, persons who he alleges are alone liable, or liable over to him, or jointly or severally liable with him. The act then proceeds: "Upon the joinder of additional defendants under the terms of this act, such suit shall continue, both before and after judgment, according to equitable principles, although at common law, or under existing statutes, the plaintiff could not properly have joined all such parties as defendants."

The purpose of this act was to expedite legal proceedings, and to save time and money by the consolidation of actions. It was not intended to hinder and delay the plaintiff. The courts have taken this view, and, in construing the act, have held that a defendant who wishes to take advantage of its provisions must act with reasonable promptness: First National Bank of Pittsburgh v. Baird. 300 Pa. 92. Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564, 569.

The Supreme Court, in Carroll et ux. v. Quaker City Cabs, Inc., et al., 308 Pa. 345, has stated what it considers a reasonable time within which the defendant must act. In that case the lower court struck off a sci. fa. to bring in additional defendants, because it was not filed within 30 days of the time of service of the statement of claim, as provided by a rule of the Courts of Common Pleas of Philadelphia County. The court held that 30 days was an unreasonably short period, and that 60 days should be prescribed, subject to extension by the court for cause shown.

In the present case the defendant waited until the case was on the trial list, before filing his præcipe for a sci. fa. In time he delayed from December 16, 1933, to September 14, 1934, before availing himself of the provisions of the act.

We are of the opinion that this is an unreasonable time, especially as no justification or excuse is given for the delay.

And now. December 21, 1934, the motion is allowed, and the sci. fa. to bring in the additional defendant, is set aside and stricken off.

From Aaron S. Swartz, Jr., Norristown.