## Snyder et ux. v. Lebo

*Hyman Goldstein,* for plaintiffs.

*Caleb S. Brinton* and *Frederick J. Templeton,* for defendant.

REESE, P. J., April 25, 1935.—The plaintiffs, while passengers in an automobile owned and operated by Selma A. Snyder, were injured in a collision with an automobile operated by the defendant. Summons in trespass was issued on October 9, 1934, and was served with a copy of the statement of claim on the defendant on October 16, 1934. The return day of the summons was extended from November 5, 1934, to January 7, 1935, by the attorney for the plaintiffs in a letter to a representative of the insurance company which insured the defendant against liability. The letter stated: "In order that we may continue with this matter, I hereby agree that the return day of the summons be extended until January 7, 1935." Appearance for the defendant was first entered on January 7, 1935.

On January 18, 1935, the defendant filed a præcipe for a writ of sci. fa. to bring Selma A. Snyder upon the record as an additional defendant under the Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931,

P. L. 663. On February 23, 1935, the plaintiffs and additional defendant filed petitions to quash and set aside the writ of sci. fa. on the ground that it was issued too late under our Rule of Court, No. 260 (*d*) which provides that a sci. fa. to bring in an additional defendant must issue within 60 days after service of the statement of claim upon the original defendant.

It seems to us that the agreement to extend the return day not only extended the time within which the defendant must enter an appearance, but also extended the time within which he could exercise all other incidental rights, including the right to bring upon the record an additional defendant. It is rather inconsistent for the plaintiffs to argue that although the defendant was not required to appear before January 7, 1935, it was necessary for him to bring in the additional defendant on or before December 15, 1935, when the 60-day period expired.

In any event, rules of court are a means to accomplish the ends of justice, and whenever justice requires the court has power to modify, suspend or rescind its own rules or to condone the violation thereof. This principle was followed in Megargee v. City of Philadelphia et al., 16 D. & C. 588, citing many cases, in a case where, as here, the writ of sci. fa. to bring in an additional defendant was issued after the expiration of the period fixed by a rule of court. In Carroll et ux. v. Quaker City Cabs, Inc., et al., 308 Pa. 345, the Supreme Court, in discussing rules of court fixing the time within which a writ of sci. fa. should issue, said, at page 350: "sixty days should be prescribed in such cases subject to extension by the court for cause shown." In the instant case, we feel such cause has been shown.

When we consider the purpose and proper construction and application of the Sci. Fa. Acts of 1929 and 1931, supra, as laid down by the Supreme Court in Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564; First National Bank of Pittsburgh v. Baird, 300 Pa. 92, and Shapiro v.

Philadelphia et al., 306 Pa. 216, together with the circumstances of the present case, we feel that justice requires us to suspend Rule 260 (d) as far as this case is concerned.

And now, April 25, 1935, the petitions to quash and set aside the writ of sci. fa. are overruled and dismissed.

From Francis B. Sellers, Carlisle.