## Cohen v. Stergiakis et al.

*R. Paul Campbell*, for plaintiff.
*John G. Love*, for defendants.

FLEMING, P. J., July 14, 1936.—This matter is before us upon a rule to strike the above judgment from the record. The reason assigned is that it was entered contrary to the provisions of the rules of court, effective October 1, 1934. Rule 16 provides:

"Practice. Practice in the Court of Common Pleas shall be restricted to those persons learned in the law who have been heretofore admitted to this Bar by motion in open court, or who may hereafter be admitted in accordance with these rules."

Rule 19 provides:

"Control of Writs. The Prothonotary shall not permit any præcipe or other paper signed by any attorney to be filed, unless such attorney shall have been admitted to practice and is enrolled as above provided."

The above judgment was entered upon statement and confession signed by "Miles L. Cohen, attorney for defendants", on April 29, 1936. No final process was attempted to be issued. On May 8, 1936, the instant rule was granted returnable June 1, 1936. On May 13, 1936, R. Paul Campbell, Esq., a member of this bar, entered his appearance for the plaintiff.

In Smith et al. v. Ellwood City Ice Co., 311 Pa. 147, 149, it is said:

"The power of the lower court to make rules for the transaction of its business is unquestioned. The only limitation of the power is that the rules must not be contrary to law nor unreasonable. See Carroll v. Quaker City Cab Co., 308 Pa. 345, and cases cited therein. It is likewise within the discretion of the lower court to construe its own rules and determine whether they shall be rigidly enforced: Collins v. Leafey, 124 Pa. 203; Frank v. Colhoun, 59 Pa. 381."

To justify Rules 16 and 19 as "reasonable" we must construe its purpose to be more than the mere exclusion of attorneys not members of this bar. We are of opinion that its true purpose is identical with the purpose of the provision of the Practice Act of May 14, 1915, P. L. 483, Sec. 10, 12 PS §392, which requires an address within the county where all papers are to be served. Its true purpose is to regulate the transaction of the court's business in such a manner as to afford certainty in the service of any pleading or process as well as to expedite the disposition of matters before the court or upon its dockets.

In the accomplishment of this purpose, the prothonotary should have declined to enter judgment upon the statement and confession as presented to him. Having erroneously done so, however, it is not a reasonable interpretation of the purpose of the rule to seek to strike down this apparently regular judgment and thus prejudice, if not totally destroy, the substantive rights of the plaintiff. It would be for us to effectuate the true purpose of the rule by refusing further process to be had until local counsel be obtained. But such refusal is not required as an appearance for the plaintiff has already been entered by a member of this bar. The true purpose of the rule having been achieved we must discharge the rule.

And now, July 14, 1936, rule discharged at defendants' cost.