## In re Painter

*Wilbur R. Seabrook*, for accountant.
*Edward G. Petrillo*, for petitioner.

EVANS, J., August 14, 1941.—In this case the guardian of Anna S. Painter, an incompetent person, on April 13, 1940, filed its final account showing receipts in the amount of $8,378.35 and disbursements in the same amount, and no balance on hand. The prothonotary, under rule 2 of our court, gave notice of the filing of said account by publication once a week for two successive weeks in a local newspaper and in the Erie County Law Journal, fixing May 6, 1940, at 11 o'clock, as the time for final confirmation by the court. No personal notice was given to the "wife or husband or next of kin". On May 6, 1940, "no exceptions having been filed, within account is hereby confirmed absolutely. Per Curiam, K."

The above-named incompetent person died at the Warren State Hospital March 29, 1940, two months after the death of her husband, John I. Painter. There is controversy concerning the title to and ownership of certain assets claimed in the guardian's account to be those of Anna S. Painter, and exceptions to the claim of ownership were filed in the orphans' court to the account of Security-Peoples Trust Company, administrator of the estate of Anna S. Painter, deceased, no. 77,

February term, 1941. The orphans' court properly suspended ruling on the exceptions pending a petition to this court to open the decree confirming the guardian's account, and it becomes our duty to determine whether or not the final confirmation of the guardian's account can be set aside on the allegation, as to which there is no dispute, that no notice of the filing of the guardian's account was given to the next of kin other than that by way of publication as above recited.

The Act of May 28, 1907, P. L. 292, as amended by the Act of April 15, 1915, P. L. 124, 50 PS §962, provides that all accounts "shall be filed in the office of the prothonotary, . . ." and "After filing any such account the guardian may petition the court for leave to have the account examined or audited, and confirmed finally. The petition shall set forth the reason why such account should be examined or audited, and confirmed, and shall set forth the name and address of the wife or husband or next of kin of the person under legal disability. The court shall thereupon direct to whom and what notice, if any, shall be given to the wife or husband or next of kin of the filing of the account and the presentation of the petition."

Section 1 of rule 2 of the rules of this court provides that "Whenever any account of an assignee for the benefit of creditors, committee in lunacy, guardian of weak-minded person, or other trustee is filed, it shall be the duty of the prothonotary of the court to give notice of the exhibition and filing of such account by advertisement for two successive weeks in one newspaper published in said county, also in the Erie County Law Journal as required by law, setting forth that said account will be allowed by the court at a certain time to be stated in the notice, which time shall be fixed by the prothonotary, not less than six days after the date of the last advertisement, unless cause be shown why the same should not be allowed; and upon due proof being made of such publication, and if no ex-

ceptions have been filed, the account shall be confirmed absolutely." This rule affords convenience to accountants and this court in the large number of accounts filed concerning which there is no controversy. The above act of assembly, however, clearly provides for protection against a situation such as exists in this case, by requiring a petition to the court setting forth why an account should be examined or audited. It was the duty of the guardian to inform the court of any controversy concerning title to the assets included in the account, and the literal compliance with our rule of court does not supplant a positive direction in the statute.

The fundamental principle is well settled that every court of record has an inherent power to make rules for the transaction of its business. The only limitation of the power is that they (the rules) must not be contrary to law nor unreasonable: Carroll et ux. v. Quaker City Cabs, Inc., et al., 308 Pa. 345.

It is contended that fraud is not alleged and that such allegation is necessary to sustain the petition. It is true that the word "fraud" is not used but the petition sets forth the existence of a controversy concerning the title to these assets, and conferences between attorneys employed by the parties to represent them in this controversy. It is also alleged that notwithstanding that situation the account was filed and confirmation secured without notice to the parties claiming the assets included in the account as belonging to the ward's estate. It is not indispensable that fraud should be averred in express terms if the facts would support an inference of fraud: Bradly v. Potts, 155 Pa. 418, 428. It is not necessary that we should state that actual fraud was committed. It was a constructive fraud, a legal implication depending upon neither the good or bad faith of the guardian: Kelly's Appeal, 108 Pa. 29, 52.

We do not pass upon the merits of the controversy raised in the petition but are satisfied that it is such as

should be the subject of inquiry in the interest of justice and one which would have been properly before the court for consideration had the procedure outlined in the Act of 1915 been followed.

And now, to wit, August 14, 1941, the rule granted on the petition to vacate the decree of this court of May 6, 1940, is made absolute; the rule granted on the motion to dismiss the petition is refused; the decree of May 6, 1940, is set aside and the guardian is hereby required to comply with the statutory law with reference to the confirmation of guardians' accounts.