## Round v. City of Pittsburgh

*Norman P. Wolken* and *Samuel O. Magram,* for plaintiff.

*Anne X. Alpern,* City Solicitor, and *James J. Burns, Jr.,* for defendants.

KENNEDY, J., January 3, 1945.—The matter before us is the petition of the above-named additional defendant under the Act of March 5, 1925, P. L. 23, raising a question of jurisdiction of this court over additional defendant, M. H. Parish, doing business as Allegheny Asphalt & Paving Company.

The above-named plaintiff, on October 2, 1942, brought a suit in trespass against the City of Pittsburgh at the above number and term claiming that she was injured on March 29, 1942, while a pedestrian on Desdamona Street in Pittsburgh, having stepped on slag or gravel which was on said street. On November 18, 1942, the City of Pittsburgh, original defendant, petitioned this court to bring on the record as additional defendant, Allegheny Asphalt & Paving Company, a corporation under the law of Pennsylvania, domiciled at 411 Boulevard of the Allies, Pittsburgh, Pa. The sheriff made a return of service of the order of court showing, in substance, that on November 24, 1942, service was made on the named additional defendant at its place of business, 411 Boulevard of the Allies, Pittsburgh, Pa., on one "R. F. Marrion, office manager thereat", after being unable to obtain the resident address of an executive officer of said defendant corporation.

On September 28, 1943, City of Pittsburgh filed a petition to join as additional defendant, one M. H. Parish, doing business as Allegheny Asphalt & Paving Company, claiming that he alone, or jointly, was liable with the City of Pittsburgh on any possible action of

the above-named plaintiff, and on the same day an order was made allowing said city to join M. H. Parish, doing business as Allegheny Asphalt & Paving Company as an additional defendant. Parish had no advance notice of the presentation of said petition and therefore no opportunity to oppose the order of court allowing him to be brought upon the record as an additional defendant. In due course this order of court, together with the other pleadings and petitions, was served upon M. H. Parish. He now seeks to have this order of court set aside and the petition dismissed for the reason that same was made and filed too late under the law, and therefore this court had no jurisdiction.

The Supreme Court Procedural Rule 2253, which was in effect when this suit was brought, and also when the City of Pittsburgh filed its original petition referred to supra, to bring on the record as an additional defendant Allegheny Asphalt & Paving Company, a corporation, reads as follows:

"Rule 2253. Time for Filing Petition.

"No petition shall be granted if filed by a defendant later than sixty days after the service upon him of the initial pleading of the plaintiff or any amendments thereof, if he is an original defendant, or of the petition and order by which he was brought upon the record, or any amendment thereof, if he is an additional defendant, unless the court upon application made prior to the expiration of the sixty days extend the time for filing such petition upon cause shown."

On December 30, 1942, the Supreme Court Amended Rule 2253 by, in substance, striking out of the original rule "made prior to the expiration of 60 days". This amended rule became effective immediately, but nothing is said in the order about making it retroactive. Procedural rules pursuant to the Act of June 21, 1937, P. L. 1982, delegating to the Supreme Court the power and authority to make said rules, have the same force and effect as statutes and must be interpreted accord-

ing to the law governing statutes. This case, on practically all fours, has been ruled upon by this court in the case of Petrilli et vir. v. City of Pittsburgh, defendant, and Peoples Natural Gas Company and Allegheny Asphalt & Paving Company, additional defendants, 805, July term, 1942. Thompson, J. (concurred in by McNaugher and Richardson, JJ.), held that an amendment to the petition to bring upon the record Allegheny Asphalt & Paving Company, a corporation, and changing it to M. H. Parish, doing business under the same name, and filed more than 60 days after the original suit was brought, came too late, and made absolute the rule to show cause why said writ as amended should not be dismissed, and set aside the service of the writ of sci. fa.

In the case of Carroll et ux. v. Quaker City Cabs, Inc., et al., 308 Pa. 345, it was held that a rule of court under the old sci. fa. acts, setting up a time limit of 60 days in which the original defendant could bring upon the record additional defendants, was reasonable, and also that the common pleas court had the power to make such a rule. For the reasoning, see also the case of Ratto et al. v. Pennsylvania Coal Co., 102 Pa. Superior Ct. 242, which held that the provision of The Workmen's Compensation Act which declared that a claim for compensation in a death case would be forever barred unless within one year after death the parties had agreed upon compensation, or the claimants had filed a petition, was mandatory, and that failure to file a petition within the year was an absolute bar to a right of recovery, even though the statute was not originally pleaded.

A discussion of the amendment to procedural rule 2253, and also the original rule which was in effect until December 30, 1942, will be found in Goodrich-Amram Standard Pennsylvania Practice (Procedural Rules Service—Forms—Volume 1) commencing at page 38. This commentary is to the effect that the

amendment cannot be declared retroactive. It therefore follows that the rule to show cause should be made absolute.

### Order

And now, January 3, 1945, the rule granted upon the City of Pittsburgh to show cause why the cause of action under the writ of sci. fa. should not be dismissed as to M. H. Parish, doing business as Allegheny Asphalt & Paving Company, and the service of said writ of sci. fa. be stricken from the record, be, and the same is, hereby made absolute.